## FRANK JANUARY v. THE STATE.

No. 13715. Delivered November 26, 1930.
Rehearing Denied February 4, 1931.

The opinion states the case.

*J. D. Bell,* of Paducah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully manufacturing intoxicating liquor is the offense; penalty, confinement in the penitentiary for a period of one and one-half years.

Payne, the sheriff, went upon a farm known as the Sneed Place, consisting of about 1,000 acres. The appellant was seen in a shack about half a mile from any other habitation upon the farm. As the sheriff approached the shack, he saw the appellant lying down in the door. He also saw a number of jars. When he reached a point about ten or fifteen feet from the jars, he could tell that they contained whisky. He also smelled the odor of whisky.

Another officer gave substantially the same testimony. They took possession of the jars and the whisky, and also. of the appellant. They found underneath the shack a still which was in operation, making whisky. The appellant appeared to be asleep when the officers arrived at the place. There was no one else present.

The testimony of the officers is challenged upon the ground that they acted without a search warrant. If their testimony is comprehended, it is to the effect that before making any search, they observed the appellant in possession of a number of jars of whisky. No issue is presented as to the legality of the presence of the officers on the farm. See Wolf v. State, 110 Texas Crim. Rep., 124, 9 S. W. (2d) 350. The possession of such whisky under the circumstances was prima facie evidence of the possession by the appellant of intoxicating liquor for the purpose of sale, which is a felony denounced by Art. 666, P. C. See Art. 671, P. C., touching prima facie evidence. The commission of a felony in the presence of an officer would justify an arrest and incidentally a search of the premises. See Banks v. State, 112 Texas Crim. Rep., 119, 14 S. W. (2d) 280; Hayes v. State, 115 Texas Crim. Rep., 644, 28 S. W. (2d) 556; Grimm v. State, 116 Texas Crim. Rep., 332, 28 S. W. (2d) 134.

The judgment is affirmed.

Hawkins, J., absent.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Nowhere in his motion for rehearing does the appellant cite any authority as holding contrary to those cited in our original opinion. The facts have again been examined, and seem to point irresistibly to the conclusion of guilt. No testimony was introduced on behalf of appellant.

The motion for rehearing will be overruled.

*Overruled.*