Sammy Joe **ADKINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–83–00092–CR.

Court of Appeals of Texas, El Paso.

March 4, 1987.

Rehearing Denied April 1, 1987.

Jimmy Edwards, Odessa, for appellant.

Phil J. Pollan, Dist. Atty., Fort Stockton, Douglas M. Becker, Gray, Allison & Becker, Austin, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a conviction for possession of tetrahydrocannabinol. The jury assessed punishment at fifteen years' imprisonment. On August 1, 1984, this Court reversed and remanded the cause finding that the trial court erred in failing to suppress the evidence seized under a warrant not supported by probable cause stated in the underlying affidavit. *Adkins v. State*, 675 S.W.2d 604 (Tex.App.—El Paso 1984). On October 1, 1986, the Court of Criminal Appeals vacated this Court's judgment and remanded the cause to this Court for a determination of whether the invalidity of the warrant was not fatal to admission of the evidence due to the proven existence of an exception to the general warrant requirement imposed by both state and federal authority. *Adkins v. State*, 717 S.W.2d 363 (Tex.Crim.App.1986). In his dissent, presiding Judge Onion bemoaned the remand as a wasteful maintenance of this case in "appellate orbit." We concur in Judge Onion's sentiment.

The precise facts were set out in our original opinion which we adopt here for the sake of brevity. The following summary should suffice for present purposes. McCamey police officers obtained confidential information concerning drug deliveries by Appellant to a McCamey resident. A second tip advised them that a meeting was taking place. While one officer took up surveillance, a second prepared an affidavit and secured a search warrant. The affidavit failed to set out probable cause in several respects. The Court of Criminal Appeals concurred in that appraisal by this Court. We further found that the ongoing surveillance did provide sufficient corroboration of the tip to amount to probable cause, when coupled with all of the prior information including that presented to the magis-

trate and that not presented. The seizure proceeded, however, upon the basis of the warrant which in turn was founded upon a deficient affidavit of probable cause. The officers stopped Appellant's vehicle and seized a quantity of drugs. The State argued that even if the warrant were invalid the search of the automobile was justified by the combination of actual on-the-scene probable cause and exigent circumstances. We rejected the argument finding that the entire body of exigent circumstances law was based upon a premise of permitting a reasonable seizure upon probable cause where under the circumstances the time to secure a warrant was not available without jeopardizing the legitimate ends of law enforcement. We further found that a fortiori such circumstances could not exist where the officers did in fact secure a warrant, albeit improperly. The majority opinion of the Court of Criminal Appeals found our "per se" assertion objectionable.

We are then posed the question by the Court of Criminal Appeals of whether or not the facts of this case, in which the officers were able to secure and execute a warrant, present "exigent circumstances" defined by the United States Supreme Court as a situation in which "it is not practicable to secure a warrant." *Coolidge v. New Hampshire*, 403 U.S. 443, 462, 91 S.Ct. 2022, 2036, 29 L.Ed.2d 564, 580, *reh. denied*, 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971); *Chambers v. Maroney*, 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419, 427, *reh. denied*, 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94 (1970).

We turn first to the authority cited by the Court as a basis for our assigned task. At the head of the list is *Coolidge*, in which the Court asserts "the Supreme Court" considered alternative justifications for the search after invalidating the warrant. More accurately, a majority of the Court invalidated the warrant, but only four members went on to consider exigent circumstances, ultimately finding none.

Continuing with the federal authority, we find *United States v. Poole*, 718 F.2d 671 (4th Cir.1983), which is of course not binding on the Court of Criminal Appeals.

*Flores v. State,* 487 S.W.2d 122 (Tex.Crim. App.1972). We may of course voluntarily bind ourselves to such decisions, particularly when they are well reasoned and supported by authority. Unfortunately, *Poole* provides neither reason nor support. It gratuitously finds the defects in the warrant irrelevant given the "automobile exception" subspecies of exigent circumstances.

Next is *United States v. Clark,* 559 F.2d 420 (5th Cir.1977), in which the exigent circumstances exception wins out over a defective warrant. The Fifth Circuit felt that the overriding exigent circumstances rendered the defect irrelevant—as *clearly* established by *Coolidge.* As previously stated, the only thing clear in *Coolidge* was the 5–4 invalidation of the search warrant and the ultimate reversal. The agreement of four Supreme Court judges does not clearly establish the law of the land.

We will not dwell on *United States v. Chuke,* 554 F.2d 260 (6th Cir.1977), cited in a footnote. The facts in *Chuke* depict exactly the opposite sequence of development in terms of garnering probable cause, foregoing a warrantless opportunity and proceeding with an ultimate warrant.

We next turn to the Texas authorities. We are then directed to *Lowery v. State,* 499 S.W.2d 160 (Tex.Crim.App.1973), in which, like the Supreme Court in *Coolidge,* the Court of Criminal Appeals invalidated the warrant but went on, unsuccessfully, to seek some other seizure exception to justify the police conduct. Interestingly enough, when analyzing the possible application of Tex.Code Crim.Pro.Ann. art. 14.04 (officer has probable cause to believe felony committed and a fugitive is about to escape), the Court was in fact dealing with one Texas statutory form of the exigent circumstances doctrine. In concluding that such a cure would not work, the Court stated:

> In the instant case, there is no evidence that the officers believed the appellant was about to escape. *Indeed, their commendable efforts in obtaining a warrant make evident that they had no such belief and could not have justi-*

*fied a warrantless arrest under Article 14.04, V.A.C.C.P.* [Emphasis added.]

*Lowery,* at 165. *Stoddard v. State,* 475 S.W.2d 744 (Tex.Crim.App.1972), makes the same fruitless effort to uphold the search under exigent circumstances, having found a warrant actually secured to be defective. Apparently the continued effort, albeit without success, is authority that it should and can be done. But, the wording of *Stoddard* is:

> The test is whether "exigent circumstances" make the obtaining of a warrant impracticable.

*Stoddard,* at 752. Since a "per se" rule of exclusion is not valid, we are required to determine if there is some basis upon which to uphold the search can be sustained. But, first we again quote from *Coolidge:*

> The word "automobile" is not a talisman in whose presence the Fourth Amendment fades away and disappears. And surely there is nothing in this case to invoke the meaning and purpose of the rule of Carroll v. United States.... In short, by no possible stretch of the legal imagination can this be made into a case where "it is not practicable to secure a warrant" ... and the "automobile exception," despite its label, is simply irrelevant.

*Coolidge,* 403 U.S. at 461–462, 91 S.Ct. at 2035–2036, 29 L.Ed.2d at 580. Please note that the opinion used the word "irrelevant," not "relevant, but factually non-meritorious."

■ Having made these observations, we now find, not as a per se rule but on the facts of this given case, that the record does not disclose exigent circumstances that made the securing of a warrant impracticable.

■ Nonetheless, we will uphold the seizure and admissibility of the evidence on other grounds. *Spann v. State,* 448 S.W.2d 128 (Tex.Crim.App.1969). It has occurred to this Court that a truly curative theory, not raised by either side or by the Court of Criminal Appeals, is more logically applicable and would avoid straining our already overburdened legal fictions. In

*Lowery,* one of the alternatives considered by the Court of Criminal Appeals was embodied in Tex.Code Crim.Pro.Ann. art. 14.-01. This permits seizure "upon probable cause" for an offense committed in the officer's presence. It was inapplicable in *Lowery* because the murder offense had already been concluded. In our case, however, the offense was committed in Officer Bailey's presence. We have concluded that Bailey's corroborative evidence and the total information available to Renfro (although not all included in the affidavit) provided probable cause at the time of seizure. Thus, the warrantless stop and arrest of the Appellant was justified without strained resort to the exigent circumstances doctrine. The seizure of the money, drugs and weapons from the passenger compartment was therefore within the permissible scope of a search incident to the initial seizure. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Point of Error No. One is overruled.

Points of Error Nos. Two and Three are overruled for the reasons stated in our original opinion.

The judgment is affirmed.