Sammy Joe ADKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 512–87.

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1988.

Jimmy Edwards, Odessa, for appellant.

Phil Pollan, Dist. Atty., Fort Stockton, Douglas M. Becker, Ray B. Goldstein, William M. King, Austin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of the offense of possession with intent to deliver tetrahydrocannibinal, over 28 but less than 400 grams, and assessed punishment at 15 years' confinement in the Texas Department of Corrections. See Tex.Rev.Civ.Stat. Ann. Art. 4476–15, Section 4.031. The Court of Appeals for the Eighth Judicial District reversed the conviction, holding the trial court reversibly erred in failing to suppress evidence seized under an invalid warrant. *Adkins v. State*, 675 S.W.2d 604 (Tex.App.—El Paso 1984). We vacated that judgment and remanded the case for a determination whether exigent circumstances existed to support the warrantless arrest of appellant. *Adkins v. State*, 717 S.W.2d 363 (Tex.Crim.App.1986) (*Adkins I*). On remand, the appeals court found there were no exigent circumstances which justified the warrantless seizure, but upheld appellant's arrest pursuant to Art. 14.-01, V.A.C.C.P.[1] *Adkins v. State*, 726 S.W.2d 250 (Tex.App.—El Paso, 1987). We granted the appellant's petition for discretionary review to determine whether the appeals court erred in not limiting review to the question on remand, and whether that court erred in upholding the arrest under the auspices of Art. 14.01, supra. We will affirm.

The facts of the case are succinctly stated in our prior opinion and shall not be reiterated here at length. For purposes of this opinion it is sufficient to note the

---

**1.** That provision provides in pertinent part that a police officer "may arrest an offender without a warrant for any offense committed in his presence or within his view."

record reflects the following facts. Upton County Deputy Sheriff Charles Renfro received a tip from a confidential informant that each week on a certain day a man approximately six feet tall, thin, with long blond hair, beard and mustache, driving a blue automobile would meet a man nicknamed "Pollock" at Nutt's Bar in McCamey. The two men would drive to Pollock's house, go inside for a short time, then return to the blue car where the described man would hand Pollock a package of drugs.

Approximately one week after the initial tip, the informant again contacted Renfro and told the officer of an impending transaction between appellant and Pollock. While Renfro went to secure a vehicle search warrant, Deputy Allen Bailey was sent to Pollock's residence to conduct surveillance on the expected transaction. The event unfolded as related by the informant. The two men parked at Pollock's house and went inside. Shortly thereafter, they left the house and entered the car. A few minutes later, the man later identified as appellant took a brown paper package from the back seat of his car and handed it to Pollock, who then left the vehicle and went inside the residence. Appellant returned to the bar from whence he came, picked up another individual and again drove off. At this time the warrant was executed. Officers seized loaded weapons in plain view, cash, marihuana and the hashish which is the focus of the instant offense.

In his first ground for review, appellant contends the Court of Appeals erred in upholding the conviction in light of this Court's remand instructions to that court. Essentially, appellant is arguing that the Court of Appeals lacked the authority to go beyond those instructions. We cannot agree, both because appellant places an unduly restrictive interpretation on the instructions in our prior opinion, and because, upon remand from this Court, the exercise of the reviewing function of an intermediate appellate court is limited only by its own discretion or a valid restrictive statute. *Carter v. State,* 656 S.W.2d 468 (Tex.Crim.App.1983).

In *Adkins I,* supra, we held that the actual procuring of a warrant later found to be invalid does not preclude the use of exigent circumstances to justify a particular search. *Adkins I,* supra, at 365. Indeed, that is merely the beginning of the inquiry. When the warrant in question is found to be deficient, "the search should be treated as one proceeding without a warrant and the facts of the case should be reviewed to determine whether the search can be upheld under a warrant exception." Id. at 365–66. Subsequently, we remanded this cause to determine if any such exigent circumstances existed to support the warrantless stop and seizure of appellant and the evidence admitted at trial, noting along the way the "facts of the particular case (will) either excuse or proscribe the actions of the officers involved." Id. Our instructions on remand did not specifically limit the Court of Appeals's review to any particular section of Chapter 14 of the Code of Criminal Procedure.

Moreover, when a case is remanded to a lower appellate court, the jurisdiction originally granted to the court by constitutional and statutory mandate is fully restored by the order of abatement and remand. As this Court stated on rehearing in the case of *Garrett v. State,* 749 S.W.2d 784 (Tex.Cr.App.1988) (Garrett III):

[F]or this Court to issue an "order of remand" to restrict the court of appeals in renewed exercise of its own jurisdiction, power and authority would seem to be an impossible and unwarranted abridgement of constitutional grant of same to courts of appeals by Article V, § 6, Constitution of Texas, as implemented by Articles 4.03, 44.24 and 44.25, V.A. C.C.P.

At 787.

For these reasons we conclude that the Court of Appeals was within its authority in reviewing the warrantless stop and search of appellant in light of the warrant exception found in Art. 14.01, supra. Appellant's first ground for review is overruled.

In his second and final ground for review appellant contends the Court of Appeals erred in concluding the crime was committed within the officer's presence. He also takes issue with the fact that he was not given the opportunity to brief or argue the question of a proper Art. 14.01, supra, arrest. Initially, we note that appellant's ground for review is multifarious and presents nothing for review. *Morin v. State*, 682 S.W.2d 265 (Tex.Cr.App.1983), and cases cited therein. Moreover, given our discussion of the appeals court's inherent powers when jurisdiction is originally vested or later restored by remand, *ante*, and the lack of any authority cited in support of the latter argument, we decline to address appellant's latter complaint. Due to the posture of this case, however, we will turn our attention to the question of whether a crime was committed within the presence of a peace officer so as to justify the warrantless seizure and search in this cause.

For purposes of the case before us, a police officer may arrest an individual without a warrant only if (a) there is probable cause with respect to that individual, and (b) the arrest falls within one of the exceptions specified in Art. 14.01, supra. See *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); *Lunde v. State*, 736 S.W.2d 665 (Tex.Crim.App.1987); *Delgado v. State*, 718 S.W.2d 718 (Tex. Crim.App.1986), and cases cited therein; *Self v. State*, 709 S.W.2d 662 (Tex.Crim. App.1986).

The test for determining the existence of probable cause for a warrantless arrest has been stated as follows:

> Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense.

*Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Lunde*, supra; *Britton v. State*, 578 S.W.2d 685 (Tex.Crim.App. 1979); *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972). An investigating officer's mere suspicion, hunch or "good faith perception," without more, is insufficient to constitute probable cause for an arrest. *Fatemi v. State*, 558 S.W.2d 463 (Tex.Crim. App.1977); *Ceniceros v. State*, 551 S.W.2d 50 (Tex.Crim.App.1977). Moreover, "the perceived events must be out of the ordinary, suspicious and tie a subject with a criminal act." *Lunde*, supra, at 667. Cf. *Glass v. State*, 681 S.W.2d 599 (Tex.Crim. App.1984) and *Armstrong v. State*, 550 S.W.2d 25 (Tex.Crim.App.1976) [the observed individual's conduct alone cannot be as consistent with innocent activity as with proscribed, criminal conduct]. However, Art. 14.01 arrests have previously been sanctioned when an individual's conduct, while not overtly criminal by itself, is coupled with an officer's prior knowledge so that the otherwise innocuous conduct reflects that an offense is *then* occurring. See *Lunde*, supra; *Miller v. State*, 458 S.W.2d 680 (Tex.Crim.App.1970). To determine whether probable cause exists, the Court must look to the "totality of the circumstances." *Whaley v. State*, 686 S.W.2d 950 (Tex.Cr.App.1985).

Turning to the facts of the case at bar, we hold that the circumstances combining the personal observations of the officer conducting surveillance with the prior knowledge of the officers allowed a warrantless arrest under Art. 14.01(b), supra. One week before the arrest, Officer Renfro received information from a confidential source who had previously provided correct information to him. The informant told Renfro that each week on a certain day a man closely matching appellant's description and driving a blue automobile would meet a man nicknamed Pollock at Nutt's Bar in McCamey. The two men would drive to Pollock's house, go inside for a short time, then return to the automobile and exchange drugs for money. The informant also related that he had personally seen the man matching appellant's description sell cocaine, hashish, marihuana and pills. Renfro was himself familiar with Pollock's (real name David Martinoleskowitz) reputation as a narcotics distributor.

On the day appellant was arrested, Renfro's informant again contacted him to tell him that a meeting between the two men was occurring. While Renfro went to secure the search warrant, Deputy Bailey took up surveillance outside Pollock's house and observed Pollock and appellant exit the residence, enter the blue automobile and conduct the described transaction. Appellant then drove to Nutt's Bar, picked up another person, drove off and was stopped by Renfro and Bailey.

Standing alone, appellant's conduct at Pollock's residence might appear to be as consistent with innocent as with culpable behavior. However, the special information passed to the officers by the reliable and credible informant, see *Whaley,* supra, was substantiated by personal observation of appellant's specified conduct by Deputy Bailey. Under the rationale enunciated in *Lunde,* supra, probable cause that an offense was then occurring was established when the officer's personal observation was coupled with the officers' prior collective knowledge. See also *Miller* and *Bridges,* both supra.

In *Lunde,* supra, similar but admittedly weaker facts than in the instant cause resulted in an affirmance of that appeals court judgment finding a valid Art. 14.01, supra, arrest. There, a credible informant told officers that a drug deal was at that time being conducted at a specific scene by two men described by the informant in detail. Taking up a surveillance position, officers corroborated the informant's information, up to the point of actual transfer. Although neither officer could testify he saw a package or money transferred, both officers were firm in giving their opinions that a drug transfer was concluded by the actions of the two suspects. We agreed, stating:

> Given the officers' experiences in recognizing drug trafficking, the corroborated information received, the actions of appellant and his accomplice at the scene, and the officers' certainty that a normally covert transfer was being made between appellant and the black man, as shown by the close proximity and hand movements of the two men, we find that

the officers had probable cause to believe that an offense under Art. 4476–15, supra, was being committed. *Lunde,* supra, at 668. (citations omitted)

Here, like the situation in *Lunde,* supra, a reliable informant provided information as to location, time and description of suspects involved, and method of transfer of the contraband. Surveilance of Pollock's residence corroborated this information in fine detail. The record reflects that the arresting officers believed that a crime—the illegal possession and delivery of a controlled substance—was being committed and had been committed in the presence of Deputy Bailey. Cf. *Lowery v. State,* 499 S.W.2d 160 (Tex.Crim.App.1973).

Appellant relies on the case of *Troncosa v. State,* 670 S.W.2d 671 (Tex.App.—San Antonio, 1984) as authority for the proposition that "[A]n inarticulate hunch, suspicion, or good faith of arresting officer is insufficient to constitute probable cause for arrest or search." In *Troncosa,* supra, the State contended the warrantless arrest of a suspected arsonist was valid under Art. 14.01, supra. The San Antonio Court of Appeals disagreed and reversed the conviction. The opinion in that case reflects the State had no witness who could place that appellant at the scene of the crime, no direct evidence, and little, if any, circumstantial evidence to tie him to the incident. There was no informant who tipped the police to any crime then being committed, and the incriminating evidence, a statement made by the appellant, was the product of a lengthy interrogation by police after the warrantless arrest.

Contrast *Troncosa,* supra, with the case at bar. Here, the arresting officers possessed more than sufficient knowledge, based upon reasonably reliable confidential information corroborated by personal observation, to believe appellant was then committing and had committed an offense proscribed by Art. 4476–15, supra. Police officers are not required nor encouraged to shrug their shoulders and permit a crime perpetrated in their presence to go unchallenged or a criminal suspect to escape.

Here, the stop and arrest was made as soon as the arrival of backup assistance made the action feasible, within a few minutes of Deputy Bailey's observation of the narcotics transfer. The arrest was properly made under Art. 14.01(b), supra. See *Lunde*, supra; see also *Delgado v. State*, 718 S.W.2d 718 (Tex.Cr.App.1986); *Whaley v. State*, supra; *Miller v. State*, 458 S.W.2d 680 (Tex.Crim.App.1970); *Bridges v. State*, 166 Tex.Cr.R. 556, 316 S.W.2d 757 (Tex. Crim.App.1958).

The arrest being valid, the subsequent search incident to the arrest was also valid, the evidence arising therefrom properly admitted at trial. *Lunde*, supra; *Williams v. State*, 726 S.W.2d 99 (Tex.Crim.App.1986). Appellant's final ground for review is overruled.

The judgment of the Court of Appeals is affirmed.

MILLER and WHITE, JJ., concur in the result.

CLINTON, Judge, dissenting.

Once again a majority demonstrates it is bound and determined to keep the law to its liking. See, e.g., *Beets v. State*, (Tex. Cr.App. No. 69,583, delivered September 21, 1988). I dissent.

Considering this cause in one context the Court professes to protect against "another excision of the Fourth Amendment protection against unreasonable searches," *Adkins v. State*, 717 S.W.2d 363, at 366 (Tex. Cr.App.1986).

But when it comes to one of our own statutes restricting authority of a peace officer to make a warrantless arrest—and thus a search incident thereto—"when the offense *is committed in his presence or within his view*," Article 14.01, V.A.C.C.P., for the clear statutory requisite that an offense actually be *"COMMITTED,"* the majority substitutes "PROBABLE CAUSE" to believe an offense is being or has been committed, thereby itself making yet "another excision" of protection against warrantless arrests and incidental searches.

To still another judicial assault on plainly expressed will of the Legislature, I dissent.

CAMPBELL and DUNCAN, JJ., join in this opinion.

TEAGUE, Judge, dissenting.

Notwithstanding the desire of some members of this Court to change the facts of this cause, the facts are not, and have never been in dispute.

The facts of this cause reflect that the police obtained a search warrant, which was later found to be invalid as a matter of both State and Federal law, to search Sammy Joe Adkins', henceforth appellant, motor vehicle. It did not contain a provision to also arrest appellant. A copy of the affidavit and the search warrant are attached to this opinion as "Appendix A". Thereafter, acting pursuant to the warrant, police officers stopped appellant's vehicle while appellant was driving same. The police officers then, pursuant to the warrant, conducted a search of the vehicle, which resulted in them finding certain unlawful contraband, for which appellant was arrested, charged, tried, and convicted for possessing.

On direct appeal, in a well written and reasoned opinion by Justice Osborn, the El Paso Court of Appeals, see *Adkins v. State*, 675 S.W.2d 604 (Tex.App.—8th, original opinion dated August 1, 1984, State's motion for rehearing denied on September 5, 1984 with opinion), after first finding that appellant was subjected to and received a punishment greater than that authorized by the provisions of the Controlled Substances Act, which punishment was assessed pursuant to an amendment to the Act which was declared unconstitutional by this Court, see *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983), "This alone would necessitate a reversal and remand for new trial" (675 S.W.2d at 606), Cf. Art. 44.29, V.A.C.C.P., as amended, and then finding as a matter of both State and Federal law that the affidavit for the search warrant was invalid, thus rendering the search warrant *nullius juris*, and further finding that under State law the affidavit could not be supplemented because of this Court's "four

corner's rule", reversed appellant's conviction and sentence.

The court of appeals also found that because there was no showing of exigent circumstances that would have prevented the police officers from securing a valid search warrant, reliance upon exigent circumstances by the State's non-elected representatives was misplaced, so said the court of appeals.

Almost needless to say, the State's non-elected representatives were not pleased with what the court of appeals had said and done regarding the search and seizure issue, apparently not because of what the court of appeals had actually stated and held, but because they concluded that they could not reprosecute appellant: "The State will not be able to re-try Appellant ... due to the death of a key police officer [whose death had nothing to do with this cause]", so argued the non-elected representatives of the State in their petition for discretionary review. See State's Petition for Discretionary Review, at page 6.

The State's petition for discretionary was granted the first time in this cause so that this Court could review the decision of the court of appeals that concerned the validity of the search and seizure of appellant's vehicle, after which a majority of this Court erroneously reversed the well reasoned and well written decision of the court of appeals, see *Adkins v. State,* 717 S.W.2d 363 (Tex.Cr.App.1986), and remanded the cause to the court of appeals for that court solely and only *"to determine whether there were exigent circumstances."* (366). (My emphasis.)

In reversing the search and seizure decision of the court of appeals, this Court's majority opinion appears to have ignored the fact that the court of appeals decided the search and seizure issue on both State *and* Federal law grounds.

The first majority opinion of this Court appears to have held that if an affidavit for a search warrant is found to be deficient, thus rendering the search warrant invalid, one should close his eyes to the obtaining of the search warrant and then consider the matter as though there never was a search warrant. In its first opinion, the court of appeals had rejected such thinking, "We cannot, with straight faces, find the warrant invalid and then find that the officers were confronted with exigent circumstances depriving them of an opportunity to secure a warrant." (675 S.W.2d at 608). As seen, however, a majority of this Court can easily do this with straight faces.

By what it stated in its opinion on remand, see *Adkins v. State,* 726 S.W.2d 250 (Tex.App.—8th 1987), the court of appeals makes it clear to me that it was terribly displeased at what this Court had done. The court of appeals, nevertheless, did its duty, but in doing its duty, unfortunately, exceeded this Court's order of remand. See supra.

The court of appeals states the following in its opinion on remand: "We are then posed the question by the Court of Criminal Appeals of whether or not the facts of this case, in which the officers were able to secure and execute a warrant, present 'exigent circumstances' defined by the United States Supreme Court as a situation in which 'it is not practicable to secure a warrant.' (Citations omitted.)" (251). Thereafter, the court of appeals discussed and rejected, for reasons stated in its opinion, each of the cases cited, which this Court had also cited in its opinion, apparently to give the court of appeals some sort of guidance in resolving the issue, whether exigent circumstances existed.

After easily distinguishing the facts of the cases cited by this Court from the facts of this cause, the court of appeals stated the following: "Having made these observations, we now find, not as a per se rule but on the facts of this given case, *that the record does not disclose exigent circumstances that made the securing of a warrant impracticable."* In other words, the court of appeals "closed" its eyes to the affidavit for the search warrant and the search warrant, and then looked to see if there were sufficient facts that might have warranted the police obtaining another search warrant. At this point, the court of appeals had carried out this Court's order of remand, and probably should have quit

writing. Being an extremely conscientious court of appeals, however, it unfortunately went forward.

The court of appeals thereafter, apparently ignoring the facts contained in the affidavit for the search warrant, and using the law of this State governing warrantless arrests, see Chapter 14 of the Code of Criminal Procedure, decided to engage in some strained and specious reasoning to uphold the search in this cause.

The court of appeals found that Officers Renfro and Bailey had "probable cause" to arrest appellant because appellant had committed in the officers presence either a felony offense or an offense against the public peace, thus justifying a warrantless arrest. The court of appeals, however, never expressly stated what felony or misdemeanor criminal offense appellant had actually committed in the officers' presence, and if one ignores the facts set out in the search warrant affidavit, and any of the supplementation facts to the affidavit, clearly no criminal offense was shown to have been committed in the officers' presence. The court of appeals stated the following: "We have concluded that Bailey's [the officer who kept the scene under surveillance while his cohort, Officer Renfro, went to get a search warrant so that they could search appellant's motor vehicle pursuant to lawful authority] corroborative evidence and the total information available to Renfro (although not all included in the affidavit [for the] search warrant) provided probable cause at the time of seizure. Thus, the warrantless stop and arrest of the Appellant was justified without strained resort to the exigent circumstances doctrine. The seizure of the money, drugs and weapons from the passenger compartment was therefore within the permissible scope of a search incident to the initial seizure." (253).

Thereafter, a majority of this Court, apparently because it could not accept the reasoning of the court of appeals, or perhaps because it was fearful that other courts of appeals might adopt and apply the same reasoning to other cases, granted appellant's petition for discretionary review.

Of course, appellant complained in his first "ground for review" in his petition for discretionary review that the court of appeals exceeded this Court's order of remand, and then complained about the court of appeals' finding that a crime had been committed in the officers' presence, a necessary requirement before Art. 14.01, V.A. C.C.P., can be invoked and applied to a warrantless arrest or search case.

As to appellant's first complaint, the majority opinion in this cause, citing a direct appeal death penalty case, *Morin v. State*, 682 S.W.2d 265 (Tex.Cr.App.1983), rules that appellant's "ground for review is multifarious and presents nothing for review." (Page 785 of maj. opinion.) My research to date has yet to reveal where this Court has applied the "rule or doctrine of multifariousness" to a petition for discretionary review case. This is understandable because this Court could have made that determination before it decided to grant appellant's petition for discretionary review. I do not find where appellant has ever changed the wording of his "second ground for review" since the day he filed his petition for discretionary review. Of course, if there is nothing before this Court to review, because appellant's petition for discretionary review is guilty of multifariousness, that ends the matter, doesn't it? But the majority opinion, (in the interest of justice?), next states: "Due to the posture of this case, however, we will turn our attention to the question of whether a crime was committed within the presence of a peace officer so as to justify the warrantless seizure and search in this cause." (Page 785 of maj. opinion.)

As previously pointed out, the court of appeals made the determination which this Court asked it to make, finding that "the record does not disclose exigent circumstances that made the securing of a warrant impracticable." (726 S.W.2d at 252). By this Court's order of remand, appellant is clearly correct in what he asserts. See *Garrett v. State*, 749 S.W.2d 784, 795 (Tex. Cr.App.1986) (Teague, J., dissenting opin-

ion). However, obviously liking what the court of appeals thereafter did, even though that court exceeded this Court's order of remand, the majority opinion approves what the court of appeals did on remand by stating the following: *"[U]pon remand from this Court, the exercise of the reviewing function of an intermediate appellate court is limited only by its own discretion or a valid restrictive statute. Carter v. State, 656 S.W.2d 468 (Tex.Cr.App.1983)."* (Page 784 of maj. opinion.) (My emphasis.)

*Carter*, supra, however, is no authority for the underscored. Besides, the author of the majority opinion, in stating what he states, has not only failed to give Judge Clinton, the author of the *Carter*, supra, opinion, credit for the statement, he has also failed to quote all of what Judge Clinton stated, i.e., he leaves out the first part of the quote, namely: *"Once jurisdiction of an appellate court is invoked ..."* (*Carter*, at 469). (Emphasis supplied.) Thus, the rule announced in *Carter*, supra, is only applicable to direct appeal cases and not petition for discretionary review cases.

The author of the majority opinion, however, does later cite and quote from this Court's majority opinion of *Garrett v. State*, supra, on original submission, in which a majority of this court erroneously held that notwithstanding when this Court remands a cause to a court of appeals for a specific purpose, that court is free to disregard this Court's remand order, withdraw its original opinion or opinions on rehearing, entertain new points of error, and do whatever it could have done when the cause was first submitted to it on direct appeal, i.e., if a cause is remanded to the court of appeals by this Court, that court is free to ignore this Court's order of remand and do whatever it thinks justice demands should be done in the cause, and to achieve that result may start from scratch, as though this Court had never issued any order in the case. Also see this Court's majority opinion of *King v. State*, 687 S.W. 2d 762 (Tex.Cr.App.1985), in which a majority of this Court held that even when this Court dismisses a direct appeal cause for want of jurisdiction, it is permissible for the defendant to ignore the provisions of Art. 11.07, V.A.C.C.P., and directly petition a court of appeals to grant him leave to file an out-of-time appeal, and it is not erroneous for that court to grant him an out-of-time appeal, notwithstanding the provisions of Art. 11.07, supra.

This Court should overrule *Garrett*, supra, and hold that when this Court remands a cause to a court of appeals, for that court to carry out a specific duty, it may not exceed the specific terms of the order of remand. The majority of this Court, unfortunately, fails to accept my invitation.

Therefore, it is necessary to consider and discuss the search and seizure issue, *sans* the facts set out in the affidavit, i.e., whether the court of appeals erred by finding that exigent circumstances did not exist. Interestingly, that decision has already been made by this Court. The State's non-elected representatives also filed a petition for discretionary review, arguing that "The court of appeals erred by finding that exigent circumstances [outside of the affidavit for the search warrant] did not exist." This petition was refused by this Court on December 2, 1987, on the same day that this Court granted appellant's petition for discretionary review. Isn't the bench and bar owed some explanation about this?

Appellant, in his petition for discretionary review, correctly points out the following: "The trial record is devoid of any crime being committed in Officer Bailey's presence." (Page 8, appellant's petition for discretionary review.)

This Court's majority opinion, in sustaining the arrest on the basis of Art. 14.01(b), supra, "A peace officer may arrest an offender without a warrant for an offense committed in his presence or within his view", first acknowledges that by Legislative edict a peace officer in Texas may not make a warrantless arrest of an individual unless he has probable cause to arrest *and* an exception in Chapter 14 to a warrantless arrest is shown to exist. Thus, a peace officer in Texas, though he might have a ton of probable cause to arrest an individu-

al, may not arrest that individual without a warrant unless he also shows that some exception found in Chapter 14 that authorizes a warrantless arrest exists.

As previously pointed out, this Court refused the State's non-elected representatives' cross-petition for discretionary review, in which they asserted that "The court of appeals erred by finding that exigent circumstances did not exist."

Notwithstanding what it just stated, the majority opinion advises us that "However, Art. 14.01 arrests have previously been sanctioned when an individual's conduct, while not overtly criminal by itself, is coupled with an officer's prior knowledge so that the otherwise innocuous conduct reflects that an offense is *then* occurring. See *Lunde* [*v. State*, 736 S.W.2d 665 (Tex. Cr.App.1987)]; *Miller v. State*, 458 S.W.2d 680 (Tex.Cr.App.1970)." (Page 785 of maj. opinion.) Does this mean that what I cannot see, I really can see?

*Miller*, supra, and like cases, see *Slaughter v. State*, 314 S.W.2d 92 (Tex.Cr.App. 1958), and *Bridges v. State*, 316 S.W.2d 757 (Tex.Cr.App.1958), represent the infamous "dropsy cases", in which after or during when a peace officer was executing a search warrant, the defendant appeared on the scene and then "dropped" to the ground or tried to swallow what later turned out to be narcotics, and the police officer retrieved the object, and the defendant claimed on appeal that there was an unlawful seizure or the defendant merely claimed on appeal that the officer did not have "probable cause" to arrest him, not arguing that in addition to establishing probable cause to arrest, it was also necessary that the officer establish one of the Chapter 14 exceptions to make a warrantless arrest.

*Lunde*, however, is not very substantial authority for the majority opinion's holding, especially given the fact that only three judges of this Court joined the majority opinion, with five judges of the Court only concurring in the result reached. I was one of those who concurred. From the facts that were presented, it was obvious to me then, and is still obvious to me, that the facts of that cause implicated a "Terry stop" and that the illegal contraband was discovered during the "Terry stop". Thus, given the facts of *Lunde*, supra, it is a far cry from being authority to support an Art. 14.01, supra, finding in this cause.

The majority opinion advises us to "see also *Delgado v. State*, 718 S.W.2d 718 (Tex. Cr.App.1986); *Whaley v. State*, [686 S.W. 2d 950 (Tex.Cr.App.1985)]", in addition to *Miller*, supra, and *Bridges*, supra, which I have done, and find them not to be authoritative to support an Art. 14.01, supra, finding in this cause.

For the reasons expressed in Judge Clinton's dissenting opinion that he filed in *Delgado*, supra, *Delgado* is clearly another aberration in our law that governs warrantless arrests.

If *Whaley*, was decided pursuant to federal law, it may have been correctly decided, because, to make a warrantless arrest under federal law, all that is necessary is to establish probable cause for the arrest, and no exception to a warrantless arrest need be shown. That, however, is not true under our Texas statutory law.

The issue in this cause is governed by State law, not federal law, and the issue thus is not whether the State might have established "probable cause to make an arrest"; the issue is whether as a matter of state law, ignoring the facts set out in the affidavit for the search warrant, the State presented sufficient facts to show not only that "probable cause" for appellant's arrest existed but also showed that sufficient facts existed that would satisfy a Chapter 14 exception. The facts of this cause clearly do not establish the latter, although it might support the former. If the facts do not establish the latter, it is unnecessary to discuss the former.

Because I find that Judge Clinton has so clearly and succinctly set forth the State law on the subject, I must quote most of the dissenting opinion that he filed in *Delgado*, supra, if for no other reason than the following words, hopefully, might accomplish today what they did not accomplish on September 24, 1986, almost two years ago:

The majority concludes that a warrantless arrest authorized by Art. 14.01(b), V.A.C.C.P., may be justified by 'probable cause.' However, by its terms, Article 14.01(b), allows an officer to arrest 'an offender' and requires that the offense be '*committed* in his presence or within his view.' (emphasis supplied) (emphasis in original.)

'That language clearly implies that all the elements necessary to be proved to sustain a conviction of the accused must exist to give a police authority the authority to arrest him without a warrant.' *Heath v. Boyd*, 141 Tex. 569, 175 S.W.2d 214, 216 (1943). '[A] peace officer has no authority to make an arrest without a warrant except when the offense is committed in his presence or within his view....,' *King v. State*, 132 Tex.Cr.R. 200, 103 S.W.2d 754 (1937). Compare *Steverson v. State*, 109 Tex.Cr.R. 11, 2 S.W.2d 453, 454–455 (1928), with *January v. State*, 117 Tex.Cr.R. 223, 34 S.W.2d 1097 (1930)* (Asterisk deleted.)

Therefore, to make a valid warrantless arrest under Article 14.01(b), a peace officer needs more than probable cause. The offender must actually commit an offense in his presence or view.

Is the majority opinion, however, not just another example of what happens when an aggressive and assertive majority of this Court does not agree with what the Legislature of this State has enacted, and thus rewrites the involved legislation to suit their personal preference view points? For an example of this, see *Eisenhauer v. State*, 754 S.W.2d 159 (Tex.Cr.App.1988).

In the dissenting opinion that he filed in *Jackson v. State*, 718 S.W.2d 724, 728 (Tex. Cr.App.1986), Judge McCormick stated the following: "The majority today puts on its legislative caps and overrules precedent and in contravention of specific legislative intent." Also see the dissenting opinion that Judge McCormick filed in *Long v. State*, 742 S.W.2d 302, 331 (Tex.Cr.App. 1987), in which he stated the following: "This Court has the obligation *not* to act as a super-legislature, substituting our opinion for that of the second branch of government."

In this instance, both what Judge Clinton stated, see *ante*, and what Judge McCormick stated, see *ante*, are truly applicable to this cause.

For the foregoing reasons, I respectfully dissent to the aggressive and assertive "super-legislature" of this State re-writing Art. 14.01(b), supra, to now read "A peace officer may arrest an individual without a warrant if he observes conduct, which is not overtly criminal by itself, provided that the peace officer has an articulate hunch that the individual is committing or about to commit a crime."

Ben Sargent, do you by chance read this Court's opinions? If not, I believe you should, because I believe that majority opinions like this one can give you new ideas on drawing cartoons.

## APPENDIX A

AFFIDAVIT FOR SEARCH AND ARREST WARRANT

THE STATE OF TEXAS

COUNTY OF UPTON

THE UNDERSIGNED AFFIANT, BEING A PEACE OFFICER UNDER THE LAWS OF TEXAS AND BEING DULY SWORN, ON OATH MAKES THE FOLLOWING STATEMENTS AND ACCUSATIONS.

1. THERE IS IN Upton COUNTY, TEXAS A SUSPECTED PLACE DESCRIBED AND LOCATED AS FOLLOWS:

A dark blue late model automobile with a brown or tan vynal top bearing Texas registration VGQ-250. Said vehicle being at the time of this writing parked at Nutts Bar on east 5th street in McCamey, Tex.

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF TEXAS AND DESCRIBED AS FOLLOWS:

Cocaine and other drugs

3. SAID SUSPECTED PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING PERSONS:

A person or persons unknown to affiant.

4. IT IS THE BELIEF OF THE AFFIANT, AND HE HEREBY CHARGES AND ACCUSES, THAT:

Illegal drugs are being kept and concealed in the above described vehicle

5. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

It was reported to affiant that the subject in the above described vehicle was delivering drugs on a regular basis to McCamey and upon observation by Deputy Bailey the subject driving the vehicle was observed delivering a package believed to be drugs to a person known only as Pollock to the affiant and the said Pollock has been reported several times as being a distributer of narcotics.

FILED
Jan. 22...... 19 83 AT 4:50 PM
BUENA R. COFFEE
CLERK, 83rd. DISTRICT COURT
UPTON COUNTY
DEPUTY.

WHEREFORE. AFFIANT ASKS FOR ISSUANCE OF A WARRANT THAT WILL AUTHORIZE THE SEARCH OF SAID SUSPECTED PLACE FOR SAID PERSONAL PROPERTY AND SEIZE THE SAME AND TO ARREST EACH SAID SUSPECTED PARTY

AFFIANT
UPTON COUNTY TEXAS

SUBSCRIBED AND SWORN TO BEFORE ME BY SAID AFFIANT on this the _3rd_ day of _Sept._
A D 19_82_

M¹G·STRATE

Precinct ____4____ Place _____
Upton County, Texas

5

THE STATE OF TEXAS

COUNTY OF UPTON

Upton

THE STATE OF TEXAS to the Sheriff or any Peace officer of ____ County, Texas, or any Peace Officer of the State of Texas
GREETING

WHEREAS, the Affiants whose names appear on the Affidavit on the reverse side hereof are Peace Officers under the laws of Texas and did heretofore this day subscribe and swear to said Affidavit before me (which said Affidavit is here now made part hereof for all purposes) and whereas I find that the verified facts stated by Affiants in said Affidavit show that Affiants have probable cause for the belief they express therein and establish existence of proper grounds for issuance of this Warrant; now, therefore, you are commanded to enter the suspected place described in said Affidavit and to there search for the personal property described in said Affidavit and to seize same and bring it before me and to arrest and bring before me each suspected party named in said Affidavit

HEREIN FAIL NOT but have you then and there this Warrant within three days. exclusive of the day of its issuance and exclusive of the day of its execution. with your return thereon showing how you have executed the same.

ISSUED this the _3rd_ day of _Sept_ . A.D.. 19_82_ at _8:08_ o'clock _P_ M to certify which witness my hand this day

MAGISTRATE

Precinct __4__ Place _____
Upton County, Texas

THE STATE OF TEXAS

COUNTY OF UPTON

EACH of the undersigned Affiants, being a Peace Officer under the Laws of Texas and being duly sworn, on oath certifies that the foregoing Warrant came to hand on the day it was issued and that it was executed on the ___3___ day of ___September___. A.D . 19_____ by making the search directed therein and arresting and placing in jail each of the following parties, to wit:

Sammy Adkins    And  Bobby Dan Holt

and by seizing during such the following described property:

1 Box Containing marijuana + Haslish + $1.00

1 Gun Rug Containing 45 Auto And several packages of Haslis

$961.00 In Cash

1 Double Bbl Shotgun 12 Gage

_____
AFFIANT
Upton County, Texas

SUBSCRIBED AND SWORN TO BEFORE ME by each of said Affiants whose name is signed above on this the ___3rd___ day of ___Sept___. A D 19_82_

_____
MAGISTRATE

Precinc ___4___ Place _____
Upton County, Texas

6