02-10-471-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00471-CR

 

 


 
 
 Stephen Smith
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 367th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

Appellant
Stephen Smith appeals his conviction for possession of a controlled substance
with intent to deliver.  In two issues, Smith argues that the trial court abused
its discretion by denying his motion to suppress and by not suppressing
evidence obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86
S. Ct. 1602 (1966).  We will affirm.

II.  Factual
and Procedural Background

          The
Denton County Sherriff’s Office received information from a confidential
informant that Smith was distributing methamphetamine.  Investigator Bryan
Wilkinson with the drug enforcement unit of the Denton County Sherriff’s Office
began working with the informant and corroborated some of the informant’s
information through surveillance and computer checks.  Investigator Wilkinson arranged
for the informant to make a “controlled buy” of methamphetamine from Smith.  Investigator
Wilkinson met with the informant around 4:00 p.m. on November 18, 2009, and after
searching the informant and his vehicle, Investigator Wilkinson gave him two
one-hundred-dollar bills to purchase approximately two grams of methamphetamine.
 Investigator Wilkinson followed the informant to the apartment complex where
Smith lived.  The informant never left Investigator Wilkinson’s presence except
when the informant went inside Smith’s apartment to purchase the drugs.

          Narcotics
Investigator Shawn Clary was conducting surveillance on Smith’s apartment, and
he was there when Investigator Wilkinson and the informant arrived.  Investigators
Clary and Wilkinson watched Smith meet with the informant outside of Smith’s
apartment and then go inside the apartment.  Approximately ten minutes later,
Smith and the informant exited the apartment, walked to the parking lot, and
talked for a few minutes before the informant got in his car and left.

          Investigator
Wilkinson followed the informant to a prearranged location about a mile away.  The
informant gave Investigator Wilkinson the methamphetamine he had just purchased
from Smith, and Investigator Wilkinson searched the informant and his vehicle
one more time.  Investigator Clary arrived, and the informant told both officers
that he had seen $17,000 in cash and a gun in Smith’s apartment.  Investigator Wilkinson
called Lieutenant William David Scott and told him about the controlled buy.  They
decided to get an arrest and search warrant for Smith and his apartment.  Investigator
Wilkinson began drafting the search warrant to take to a judge for his
signature, and Investigator Clary took the methamphetamine to the evidence room
at the sheriff’s office.

          Lieutenant
Scott drove to Smith’s apartment complex to maintain surveillance, arriving
between 5:45 and 6:00 p.m.  After Investigator Clary delivered the drugs to the
sheriff’s office, he also drove to Smith’s apartment complex to maintain
surveillance, arriving around 6:00 p.m.  At approximately 7:00 p.m., Smith
exited his apartment carrying a car stereo.  Lieutenant Scott and Investigator Clary
got out of their vehicles and approached Smith in front of his car as he was walking
up to it.  It was dark outside, and Lieutenant Scott drew his taser, which has
a flashlight on the end, and pointed the flashlight at Smith.  Lieutenant Scott
told Smith to “get on the ground.”  Smith complied, and Investigator Clary handcuffed
him.  Investigator Clary asked Smith if he was armed or had “any weapons, any
sharp objects, any needles that’s going to poke me.”  Smith responded that “what
[they] were looking for was in his right front pocket.”  Investigator Clary
felt Smith’s pockets and could tell something was inside one of them.  Investigator
Clary asked Smith if he could reach into Smith’s pocket to get it, and Smith
agreed.  Investigator Clary pulled out an eyeglass case that contained three
baggies of methamphetamine.  The officers also found $4,600 in cash in Smith’s
wallet.

          After
Smith’s arrest, Lieutenant Scott spoke with Investigator Wilkinson, who said
that he was on his way to the judge’s house to get the arrest and search
warrant signed.  The judge signed the warrant at 7:29 p.m., and Investigator Wilkinson
took it to Smith’s apartment.  The officers found paraphernalia indicative of
drug distribution inside the apartment, but they did not find any drugs, any guns,
or the $17,000 in cash that the informant had said he saw in the apartment.

          Smith
entered an open plea of guilty to possession of a controlled substance with
intent to deliver and pleaded true to two enhancement paragraphs.  After a
hearing, the trial court denied Smith’s motion to suppress.  The trial court
sentenced him to life imprisonment.

III.  Motion
to Suppress

In
his first issue, Smith argues that the trial court abused its discretion by
denying his motion to suppress evidence obtained from a warrantless arrest.  The
State responds that the warrantless arrest was authorized under article 14.01
of the code of criminal procedure.  See Tex. Code Crim. Proc. Ann. art.
14.01 (West 2005).

A. 
Standard of Review

We
review a trial court’s ruling on a motion to suppress evidence for an abuse of
discretion under a bifurcated standard of review.  Martinez v. State,
PD-1238-10, 2011 WL 2555712, at *2 (Tex. Crim. App. June 29, 2011); Amador
v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s
decision, we do not engage in our own factual review.  Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d
857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole
trier of fact and judge of the credibility of the witnesses and the weight to
be given their testimony.  Wiede v. State, 214 S.W.3d 17, 24–25 (Tex.
Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000), modified on other grounds by State v. Cullen, 195 S.W.3d 696
(Tex. Crim. App. 2006).  Therefore, we give almost total deference to the trial
court’s rulings on (1) questions of historical fact, even if the trial
court’s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application-of-law-to-fact questions
that turn on an evaluation of credibility and demeanor.  Amador, 221
S.W.3d at 673; Montanez v. State, 195 S.W.3d 101, 108–09 (Tex. Crim.
App. 2006); Johnson v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App.
2002).  But when application-of-law-to-fact questions do not turn on the
credibility and demeanor of the witnesses, we review the trial court’s rulings
on those questions de novo.  Amador, 221 S.W.3d at 673; Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68
S.W.3d at 652–53.  Stated another way, when reviewing the trial court’s ruling
on a motion to suppress, we must view the evidence in the light most favorable
to the trial court’s ruling.  Wiede, 214 S.W.3d at 24; State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

          When
the record is silent on the reasons for the trial court’s ruling, or when there
are no explicit fact findings and neither party timely requested findings and
conclusions from the trial court, we imply the necessary fact findings that
would support the trial court’s ruling if the evidence, viewed in the light
most favorable to the trial court’s ruling, supports those findings.  State
v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); see Wiede,
214 S.W.3d at 25.  We then review the trial court’s legal ruling de novo
unless the implied fact findings supported by the record are also dispositive
of the legal ruling.  Kelly, 204 S.W.3d at 819.

B.  Law
on Warrantless Arrests

All
arrests without valid warrants are unreasonable unless shown to be within one
of the exceptions to the rule that an arrest or a search must rest upon a valid
warrant.  Wilson v. State, 621 S.W.2d 799, 803–04 (Tex. Crim. App. [Panel
Op.] 1981).  Texas law provides for warrantless arrests only in certain,
statutorily prescribed circumstances.  Dyar v. State, 125 S.W.3d 460,
463 (Tex. Crim. App. 2003).  A police officer may arrest an individual
without a warrant only if probable cause exists with respect to the individual
in question and the arrest falls within one of the exceptions set out in the
code of criminal procedure.  Torres v. State, 182 S.W.3d 899, 901 (Tex.
Crim. App. 2005); see Tex. Code Crim. Proc. Ann. arts. 14.01–.04.

Under
article 14.01(b), “[a] peace officer may arrest an offender without a warrant
for any offense committed in his presence or within his view.”  Tex. Code Crim.
Proc. Ann. art. 14.01(b); State v. Steelman, 93 S.W.3d 102, 107 (Tex.
Crim. App. 2002).  The test for probable cause for a warrantless arrest under
article 14.01(b) is “‘whether at that moment the facts and circumstances within
the officer’s knowledge and of which he had reasonably trustworthy information
were sufficient to warrant a prudent man in believing that the arrested person
had committed or was committing an offense.’”  Steelman, 93 S.W.3d at
107 (quoting Beverly v. State, 792 S.W.2d 103, 105 (Tex. Crim. App.
1990)).  In other words, although the statute states that the offense must be
one that is committed within the officer’s presence or view, an officer can
make a warrantless arrest based on an offense that was committed at an earlier
time, and further, the officer does not even have to personally see the offense
committed before the warrantless arrest is justified under article 14.01(b).  Beverly,
792 S.W.2d at 105.

An
officer’s knowledge and trustworthy information may come from facts and
circumstances obtained from lay citizens.  Id.; Akins v. State,
202 S.W.3d 879, 889 (Tex. App.—Fort Worth 2006, pet. ref’d).  If an officer has
reasonably trustworthy information that, when coupled with the officer’s
personal observations, establishes probable cause to believe that an offense is
being or has been committed, the warrant exception will apply.  Akins,
202 S.W.3d at 889 (citing Beverly, 792 S.W.2d at 104–05).  We look to
the totality of the circumstances to determine if probable cause existed based
on an informant’s tip.  See Illinois v. Gates, 462 U.S. 213, 250–54, 103
S. Ct. 2317, 2339–40 (1983); Adkins v. State, 764 S.W.2d 782, 785 (Tex. Crim.
App. 1988); Akins, 202 S.W.3d at 889.

C. 
Article 14.01(b)’s Warrant Exception Applies

          Here,
the evidence at the suppression hearing showed that Investigator Wilkinson had
been familiar with the confidential informant for three weeks leading up to the
controlled buy, that the investigator believed that the informant was credible
and reliable, that the informant had given information in the past that lead to
recovery of methamphetamine and persons involved in trafficking
methamphetamine, and that information the informant had provided to officers
about Smith had been corroborated by “surveillance and computer checks finding
all information to be true and reliable.”  The evidence also showed that the
informant completed a controlled buy of methamphetamine from Smith and that,
after the controlled buy took place and after Investigators Wilkinson and Clary
had obtained the purchased methamphetamine from the informant, Investigator
Wilkinson relayed to Lieutenant Scott “exactly what was going on.”  Approximately
one to two hours later, Lieutenant Scott and Investigator Clary arrested Smith
for the controlled buy when Smith left his apartment.

          Although
neither arresting officer witnessed the controlled buy, Investigators Wilkinson
and Clary were present outside of the apartment when the controlled buy took
place, and they debriefed the informant about the details of the buy immediately
afterwards.  We hold that, based on the collective information known by the
officers from the confidential informant and the corroboration of that
information, the officers were justified in arresting Smith without a warrant
under article 14.01(b).  See Tex. Code Crim. Proc. Ann. art. 14.01(b); Akins,
202 S.W.3d at 889 (upholding warrantless arrest based on informant’s tip when
offense did not occur in officer’s view); see also Woodward v. State,
668 S.W.2d 337, 344 (Tex. Crim. App. 1982) (explaining that courts review
totality of information known by all officers who cooperated and communicated
during an investigation to determine whether probable cause existed), cert.
denied, 469 U.S. 1181 (1985).  Thus, viewing the evidence in the light most
favorable to the trial court’s ruling, we hold that the trial court did not abuse
its discretion by denying Smith’s motion to suppress.  See Wiede,
214 S.W.3d at 24; Kelly, 204 S.W.3d at 818.

IV. Miranda Warnings

In
his second issue, Smith argues that the trial court abused its discretion by
admitting evidence seized based on his statement that “what [the officers] were
looking for was in his right front pocket” because he made that statement after
he was arrested but before he received any Miranda warnings.  The State
argues that Smith failed to preserve this complaint for review.

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not address
the merits of an issue that has not been preserved for appeal.  Ford v.
State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

In
this case, Smith did not allege in his motion to suppress or at the suppression
hearing that his oral statement was obtained in violation of Miranda.  Smith
complained only that his detention and arrest were illegal without a warrant.  Consequently,
we hold that Smith did not preserve this issue for our review.  See Tex.
R. App. P. 33.1(a)(1); Ranson v. State, 707 S.W.2d 96, 99 (Tex. Crim. App.)
(holding that any error in admission of portions of defendant’s oral confession
waived on appeal by failure to timely object), cert. denied, 479 U.S.
840 (1986).  We overrule Smith’s second issue.

V.  Conclusion

Having
overruled Smith’s two issues, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 27, 2011









[1]See Tex. R. App. P. 47.4.