NO. 07-10-0287-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 NOVEMBER 15, 2012
 ___________________________________

 JOHN HANEY SUMMERS,

 Appellant

 V.

 THE STATE OF TEXAS,

 Appellee
 ___________________________________

 FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY;

 NO. 2009-0000211M-CR; HON. ROGER E. TOWERY, PRESIDING
 __________________________________

 Memorandum Opinion
 __________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 John Haney Summers (appellant) appeals the trial court’s denial
of his motion to suppress filed after he was charged with possession
of child pornography. According to appellant, he was illegally
detained after a legal traffic stop.[1] We affirm.

 Background
 The situation before us involves appellant arranging a
rendezvous with a minor female at a local park late one evening. The
purpose of the meeting was so they could play “mistress.” Via that
activity, the youth “could command [appellant] to do things and that
she could spank him for being bad.” He would also “kiss[] her shoes.”
 The two had met over the internet and communicated through emails.
Appellant also maintained a “profile on the internet site [through]
which he was writing” to the girl. According to the arresting
officer, information on the site included a representation that
appellant was sixteen and that he had “friends” who were “13 years or
younger.” Some of these “friends” were dressed “in provocative ways,
putting intimate objects in their mouths and [using] suggestive
language . . . stating they were sexually active and things of that
sort.”
 The same officer, after viewing the emails and website, opted to
conduct surveillance of the park at which the minor and appellant were
supposed to meet. While there, he spied a green Chevy pickup like the
one appellant said he would be driving, parked behind the truck, and
activated his emergency lights. It was approximately 9:30 p.m.
Furthermore, the officer learned, “while [he] was checking on
[appellant’s] driver status,” of a “dispatch” advising him that the
minor in question had received another email from appellant stating
that he “was pulled over at the park and the police were checking him
out.”
 As the officer approached the pickup, he noticed appellant
operating a laptop with “many chat windows . . . open . . . .”
Appellant was told that the officer wanted to speak with him and
“asked if he would come . . . to the Nocona PD.” Appellant said
“okay.” The officer then handcuffed appellant, placed him in the
patrol car, and drove him to the police station. Upon their arrival,
appellant was informed of “his Miranda rights” and waived them.
Thereafter, the officer “began questioning him about child
pornography.” Appellant eventually disclosed that he had such
pornography on his laptop and allegedly executed a consent form
purporting to allow the officer to view those pictures. “[N]ear 500
pictures of children from the ages of 13 to infant performing sexual
acts with . . . people named as their sister or brother, father or
mother, other unidentified males and females” were found on the
computer. This led to appellant’s arrest.
 Appellant moved to suppress the evidence found after he was
detained. The trial court denied the motion. The propriety of that
decision is now before us.
 Discussion
 In his sole issue, appellant argues that the “the legal
investigatory detention of [himself] at the time of a traffic stop
ripened into an illegal arrest without probable cause in violation of
the Fourth Amendment when [he] was detained in handcuffs and
transported to the police station in the officer’s car.” Thus, the
“evidence obtained thereafter . . . was tainted and should have been
excluded . . . .” We overrule the issue.
 The pertinent standard of review is well-settled and thoroughly
described in opinions such as St. George v. State, 237 S.W.3d 720, 725
(Tex. Crim. App. 2007), Balentine v. State, 71 S.W.3d 763, 768 (Tex.
Crim. App. 2002), Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997) and Hudson v. State, 247 S.W.3d 780, 783 (Tex. App.–Amarillo
2008, no pet.). To reiterate it here would serve little purpose.
 Next, a warrantless arrest is, pursuant to the Fourth Amendment,
unreasonable per se unless it fits into one of a “few specifically
established and well delineated exceptions.” Minnesota v. Dickerson,
508 U.S. 366, 372, 113 S.Ct. 2130, 2135, 124 L.Ed.2d 334 (1993);
Torres v. State, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005). One such
exception permits a police officer to effect such an arrest when facts
and circumstances within his knowledge, and of which he has reasonably
trustworthy information, would authorize a reasonably prudent person
to believe that the suspect committed or is committing a crime.
Quinones v. State, 325 S.W.3d 801, 803 (Tex. App.–Amarillo 2010, no
pet.). Under this test, the State need not prove that the suspect
actually committed a crime. Id. Rather, it is enough to illustrate
that the circumstances enabled a reasonable officer to so believe.
Id.; See Adkins v. State, 764 S.W.2d 782, 785 (Tex. Crim. App. 1988)
(holding that art. 14.01 arrests have previously been sanctioned when
an individual's conduct, while not overtly criminal by itself, is
coupled with an officer's prior knowledge so that the otherwise
innocuous conduct reflects that an offense is then occurring). In
other words, if an officer could reasonably believe that the elements
comprising a crime existed, given the totality of circumstances before
him, he has probable cause to arrest the actor irrespective of whether
the State can prove later at trial that a crime actually, i.e.
factually, occurred. Quinones v. State, 325 S.W.3d at 803; see
Delgado v. State, 718 S.W.2d 718, 720-21 (Tex. Crim. App. 1986)
(finding the warrantless arrest legal even though the fact that the
hypodermic syringe in the instant case later was shown by a laboratory
report not to contain a controlled substance, contrary to the police
officer's impression at the scene).
 We next note that a person commits an offense if he, “over the
Internet, by electronic mail or text message or other electronic
message service or system, or through a commercial online service,
knowingly solicits a minor to meet another person, including the
actor, with the intent that the minor will engage in sexual contact,
sexual intercourse, or deviate sexual intercourse with the actor or
another person.” Tex. Penal Code Ann. § 33.021(c) (West 2011). This
provision says nothing of anyone actually engaging in sexual contact
or intercourse before a crime arises. Rather, the actor need only
have the intent to so engage while knowingly soliciting a minor via
the internet. And, the circumstances known to the officer at bar were
enough to allow a reasonable person to believe that appellant (at the
time he was handcuffed and placed in the squad car) was in the process
of violating § 33.021(c).
 The circumstances of which we speak include the officer 1)
knowing of the emails between appellant and the minor, 2) seeing the
pictures on the internet site being utilized by appellant to converse
with the minor, 3) seeing pictures on that site of “friends” putting
intimate objects in the mouth, 4) reading the language on the same
site indicating that his “friends” were “sexually active,” 5) reading
information on the site indicating that his “friends” included
children thirteen years old and younger, 6) knowing that a minor had
been solicited by an individual driving a green Chevy pickup to meet
in a park, 7) knowing that the solicitation occurred via the internet,
8) reading that the person wanted to play “mistress” with the minor at
the park, 9) encountering appellant in a green Chevy pickup at the
designated location and time, 10) seeing appellant operating a laptop
computer, and 11) knowing appellant had just sent the minor an email
about being stopped by the officer. Whether these circumstances would
be enough to support a conviction for solicitation under § 33.021(c)
of the Penal Code is unimportant, for that is not the issue before us.
 Rather, we need only determine if it created probable cause to
believe the statute had been violated at the time appellant was
handcuffed, and we so conclude irrespective of whether he was actually
arrested at that point.
 The trial court not having abused its discretion in overruling
the motion to suppress, we affirm the judgment.

 Per Curiam

Do not publish.

-----------------------
 [1]The State of Texas failed to submit an appellee’s brief
addressing appellant’s contentions. That is a frustrating circumstance
occurring with greater frequency. Whether intentional or not, such
omissions are not an acceptable alternative to effective advocacy.