NO. 07-10-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 15, 2012
_____

JOHN HANEY SUMMERS,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY;

NO. 2009-0000211M-CR; HON. ROGER E. TOWERY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

John Haney Summers (appellant) appeals the trial court's denial of his motion to suppress filed after he was charged with possession of child pornography. According to appellant, he was illegally detained after a legal traffic stop.[1] We affirm.

---

[1]The State of Texas failed to submit an appellee's brief addressing appellant's contentions. That is a frustrating circumstance occurring with greater frequency. Whether intentional or not, such omissions are not an acceptable alternative to effective advocacy.

## *Background*

The situation before us involves appellant arranging a rendezvous with a minor female at a local park late one evening. The purpose of the meeting was so they could play "mistress." Via that activity, the youth "could command [appellant] to do things and that she could spank him for being bad." He would also "kiss[] her shoes." The two had met over the internet and communicated through emails. Appellant also maintained a "profile on the internet site [through] which he was writing" to the girl. According to the arresting officer, information on the site included a representation that appellant was sixteen and that he had "friends" who were "13 years or younger." Some of these "friends" were dressed "in provocative ways, putting intimate objects in their mouths and [using] suggestive language . . . stating they were sexually active and things of that sort."

The same officer, after viewing the emails and website, opted to conduct surveillance of the park at which the minor and appellant were supposed to meet. While there, he spied a green Chevy pickup like the one appellant said he would be driving, parked behind the truck, and activated his emergency lights. It was approximately 9:30 p.m. Furthermore, the officer learned, "while [he] was checking on [appellant's] driver status," of a "dispatch" advising him that the minor in question had received another email from appellant stating that he "was pulled over at the park and the police were checking him out."

As the officer approached the pickup, he noticed appellant operating a laptop with "many chat windows . . . open . . . ." Appellant was told that the officer wanted to speak with him and "asked if he would come . . . to the Nocona PD." Appellant said

"okay." The officer then handcuffed appellant, placed him in the patrol car, and drove him to the police station. Upon their arrival, appellant was informed of "his Miranda rights" and waived them. Thereafter, the officer "began questioning him about child pornography." Appellant eventually disclosed that he had such pornography on his laptop and allegedly executed a consent form purporting to allow the officer to view those pictures. "[N]ear 500 pictures of children from the ages of 13 to infant performing sexual acts with . . . people named as their sister or brother, father or mother, other unidentified males and females" were found on the computer. This led to appellant's arrest.

Appellant moved to suppress the evidence found after he was detained. The trial court denied the motion. The propriety of that decision is now before us.

***Discussion***

In his sole issue, appellant argues that the "the legal investigatory detention of [himself] at the time of a traffic stop ripened into an illegal arrest without probable cause in violation of the Fourth Amendment when [he] was detained in handcuffs and transported to the police station in the officer's car." Thus, the "evidence obtained thereafter . . . was tainted and should have been excluded . . . ." We overrule the issue.

The pertinent standard of review is well-settled and thoroughly described in opinions such as *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007), *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002), *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) and *Hudson v. State*, 247 S.W.3d 780, 783 (Tex. App.–Amarillo 2008, no pet.). To reiterate it here would serve little purpose.

3

Next, a warrantless arrest is, pursuant to the Fourth Amendment, unreasonable *per se* unless it fits into one of a "few specifically established and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S.Ct. 2130, 2135, 124 L.Ed.2d 334 (1993); *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005). One such exception permits a police officer to effect such an arrest when facts and circumstances within his knowledge, and of which he has reasonably trustworthy information, would authorize a reasonably prudent person to believe that the suspect committed or is committing a crime. *Quinones v. State*, 325 S.W.3d 801, 803 (Tex. App.–Amarillo 2010, no pet.). Under this test, the State need not prove that the suspect actually committed a crime. *Id.* Rather, it is enough to illustrate that the circumstances enabled a reasonable officer to so believe. *Id.*; *See Adkins v. State*, 764 S.W.2d 782, 785 (Tex. Crim. App. 1988) (holding that art. 14.01 arrests have previously been sanctioned when an individual's conduct, while not overtly criminal by itself, is coupled with an officer's prior knowledge so that the otherwise innocuous conduct reflects that an offense is then occurring). In other words, if an officer could reasonably believe that the elements comprising a crime existed, given the totality of circumstances before him, he has probable cause to arrest the actor irrespective of whether the State can prove later at trial that a crime actually, *i.e.* factually, occurred. *Quinones v. State,* 325 S.W.3d at 803; *see Delgado v. State*, 718 S.W.2d 718, 720-21 (Tex. Crim. App. 1986) (finding the warrantless arrest legal even though the fact that the hypodermic syringe in the instant case later was shown by a laboratory report not to contain a controlled substance, contrary to the police officer's impression at the scene).

We next note that a person commits an offense if he, "over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." TEX. PENAL CODE ANN. § 33.021(c) (West 2011). This provision says nothing of anyone actually engaging in sexual contact or intercourse before a crime arises. Rather, the actor need only have the intent to so engage while knowingly soliciting a minor via the internet. And, the circumstances known to the officer at bar were enough to allow a reasonable person to believe that appellant (at the time he was handcuffed and placed in the squad car) was in the process of violating § 33.021(c).

The circumstances of which we speak include the officer 1) knowing of the emails between appellant and the minor, 2) seeing the pictures on the internet site being utilized by appellant to converse with the minor, 3) seeing pictures on that site of "friends" putting intimate objects in the mouth, 4) reading the language on the same site indicating that his "friends" were "sexually active," 5) reading information on the site indicating that his "friends" included children thirteen years old and younger, 6) knowing that a minor had been solicited by an individual driving a green Chevy pickup to meet in a park, 7) knowing that the solicitation occurred via the internet, 8) reading that the person wanted to play "mistress" with the minor at the park, 9) encountering appellant in a green Chevy pickup at the designated location and time, 10) seeing appellant operating a laptop computer, and 11) knowing appellant had just sent the minor an email about being stopped by the officer. Whether these circumstances would be

5

enough to support a conviction for solicitation under § 33.021(c) of the Penal Code is unimportant, for that is not the issue before us. Rather, we need only determine if it created probable cause to believe the statute had been violated at the time appellant was handcuffed, and we so conclude irrespective of whether he was actually arrested at that point.

The trial court not having abused its discretion in overruling the motion to suppress, we affirm the judgment.


Per Curiam

Do not publish.