

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00153-CR

THE STATE OF TEXAS, APPELLANT

V.

WYOMING CURTIS FOWLER, APPELLEE

On Appeal from County Court at Law No. 2
Randall County, Texas
Trial Court No. 2022-5094-2, Honorable Matthew C. Martindale, Presiding

December 3, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In this interlocutory appeal, the State of Texas challenges the trial court's order granting Appellee Wyoming Curtis Fowler's motion to suppress evidence[1] in his prosecution for driving while intoxicated (DWI). The trial court suppressed Fowler's post-arrest statements and blood test results, finding officers lacked probable cause for arrest and that the blood warrant affidavit failed to establish probable cause. We sustain both

---

[1] *See* TEX. CODE OF CRIM. PROC. ANN. art. 44.01(a)(5) (authorizing the State to appeal an order granting a motion to suppress).

of the State's issues, reverse, and remand the cause to the trial court for further proceedings.

## Background

Late in the afternoon on February 28, 2022, Randall County Sheriff's Deputies Littleford and Wilhelm were on patrol when they received a dispatch about a vehicle driving recklessly northbound on Interstate 27. The report indicated the driver was passing vehicles on the shoulder, making "dangerous moves," gesturing inappropriately, and "brake checking" another driver.

Littleford located the suspected vehicle and noted it lacked a front license plate; he initiated a traffic stop. As Littleford approached, he observed a green leafy substance on Fowler's shirt and detected the odor of burnt marijuana emanating from the vehicle. Littleford had Fowler exit the vehicle, handcuffed him, and detained him in the patrol car.

Littleford noted Fowler's eyes were bloodshot and glassy, and his speech was thick-tongued. Fowler apologized for his driving and did not dispute that the substance on his shirt was marijuana. Searching the vehicle, the deputies found several open miniature liquor bottles. Fowler admitted he had consumed alcohol earlier that day.

Wilhelm, who arrived later, conducted standardized field sobriety tests. Fowler exhibited 2 of 6 clues on the horizontal gaze nystagmus, no clues on the walk-and-turn, and 1 of 4 on the one-leg stand. Littleford observed Fowler omitted the number 9 when counting to 10. Fowler did not reach the intoxication threshold on any of the field sobriety tests. Nevertheless, based on all the evidence, Wilhelm arrested Fowler for DWI, suspecting impairment due to the combined influence of marijuana and alcohol.

Fowler was charged by information with driving while intoxicated, second offense. After the court appointed counsel, Fowler filed a motion to suppress. The trial court orally denied the motion at the conclusion of the suppression hearing. But in a subsequent written order, the court suppressed "any oral or written statements made by the defendant after the arrest," as well as the blood draw results. The State then initiated this appeal.

**Probable Cause to Arrest for DWI**

The State argues the trial court erred in finding no probable cause for the DWI arrest and granting Fowler's motion to suppress. We review a suppression ruling under a bifurcated standard, giving almost total deference to the trial court's factual findings if supported by the record, but reviewing the application of law to facts de novo. *Martin v. State*, 620 S.W.3d 749, 759 (Tex. Crim. App. 2021).

Probable cause for a warrantless arrest exists when an officer possesses reasonably trustworthy information sufficient to support a reasonable belief that an offense has been or is being committed. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). As a "commonsense, nontechnical concept," probable cause requires more than mere suspicion but far less evidence than needed for a conviction, or even that required for a finding by a preponderance of the evidence. *State v. Espinosa*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023). A reviewing court's probable cause determination is based on the totality of the circumstances. *Id*. "[I]f an officer could reasonably believe that the elements comprising a crime existed, given the totality of circumstances before him, he has probable cause to arrest the actor irrespective of whether the State can prove

3

at trial that a crime actually, *i.e.* factually, occurred." *Quinones v. State,* 325 S.W.3d 801, 803 (Tex. App.—Amarillo 2010, no pet.).

A person commits the offense of driving while intoxicated if the person "is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a). Intoxication can be proven by impairment (loss of the normal use of mental or physical faculties) or per se (having an alcohol and/or drug concentration of 0.08 or more). *See* TEX. PENAL CODE ANN. § 49.01(2)(A)-(B); *Floyd v. State,* No. 05-19-01143-CR, 2022 Tex. App. LEXIS 3496, at *7–8 (Tex. App.—Dallas May 24, 2022, no pet.) (mem. op., not designated for publication). Under the impairment theory, applicable here, relevant evidence includes signs of diminished physical or mental abilities; erratic driving; post-driving behavior such as stumbling, swaying, slurred speech, and inability to perform field sobriety tests or follow directions; physical signs of intoxication such as bloodshot eyes or the odor of alcohol; admissions regarding substances consumed; and refusal to submit to breath or blood testing, which can indicate a consciousness of guilt. *See Bode v. State,* No. 03-22-00678-CR, 2023 Tex. App. LEXIS 6842, at *11–12 (Tex. App.—Austin Aug. 31, 2023, no pet.) (mem. op., not designated for publication); *Zill v. State,* 355 S.W.3d 778, 785 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (listing similar factors).

Here, the trial court's own factual findings detail significant evidence of intoxication under the impairment theory:

- Reports of Fowler driving recklessly, passing on the shoulder, and "brake checking" other vehicles;
- The odor of burnt marijuana emanating from Fowler's vehicle;

4

- Marijuana visible on Fowler's shirt, a fact he did not dispute;[2]

- Fowler's bloodshot, glassy eyes and thick-tongued speech;

- Open alcohol containers found in various locations in Fowler's vehicle; and

- Fowler's admission to consuming alcohol earlier that day

While Fowler avoided meeting the decision points on the field sobriety tests, the totality of the facts found by the trial court establishes that officers had probable cause to believe Fowler was driving while intoxicated. Based on the circumstances known to the arresting officer at the time, it was reasonable to believe Fowler had lost the normal use of his mental or physical faculties due to the introduction of marijuana, alcohol, or a combination of the two into his body. This is true regardless of whether the State could ultimately prove intoxication beyond a reasonable doubt at trial.

We defer to the trial court's factual findings as the record supports them. However, we conclude the court erred in its application of the law to those facts. Such a misapplication of law constitutes an abuse of discretion. *State v. Ballard,* 987 S.W.2d 889, 893 (Tex. Crim. App. 1999). Accordingly, we sustain the State's first issue.

---

[2] For the probable-cause-to-arrest determination, it matters not whether the residue observed on Fowler's shirt and the burnt smell originated from lawful hemp or illegal marijuana. We recently explained in *Thacker v. State*, "The odor of cannabis sativa remains the odor of marijuana, the possession of which remains a criminal offense." No. 07-23-00368-CR, 2024 Tex. App. LEXIS 4917, at *6–7 (Tex. App.—Amarillo July 12, 2024, no pet.) (mem. op., not designated for publication) (citations omitted).

**Blood Draw Search Warrant**

In its second issue, the State argues the trial court erred in finding a lack of probable cause in the affidavit supporting the search warrant for Fowler's blood and suppressing the resulting evidence.[3]

Texas Code of Criminal Procedure article 18.01(c) outlines the requirements for issuing a search warrant: a sworn affidavit must set forth sufficient facts to establish: (1) a specific offense has been committed; (2) the described property or items must constitute evidence of that offense, and (3) the evidence must be located on or at the described place or person. *See* TEX. CODE CRIM. PROC. ANN. Art. 18.01(c). A magistrate who makes a probable cause determination may interpret a search warrant affidavit in a nontechnical, commonsense manner, drawing reasonable inferences solely from the facts within the affidavit's four corners. We uphold the magistrate's probable cause finding if there was a substantial basis for its conclusion. *See Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013).

The affidavit supporting the search warrant detailed Fowler's reckless driving, the odor of marijuana, remnants of marijuana on his clothing, and open alcohol containers in the vehicle. Fowler admitted drinking earlier that day, had red and bloodshot eyes, and faintly smelled of alcohol. During field sobriety tests, he displayed distinct and sustained nystagmus at maximum deviation but showed no clues on the walk-and-turn test and only one clue on the one-leg stand test (putting his foot down). After his arrest, Fowler refused

---

[3] Fowler's motion to suppress argued his warrantless arrest lacked probable cause, rendering his statements and post-arrest evidence inadmissible. However, because we have held that probable cause supported his arrest for DWI, we reject this argument. We address the State's claim that the blood search warrant affidavit established probable cause.

to provide a blood or breath sample, though he stated he would have consented to a roadside breath test.  Although the trial court excised Fowler's statement about consenting to a roadside intoxylizer test as a post-arrest utterance, the remaining facts provided sufficient probable cause.  The magistrate could reasonably conclude evidence of intoxication would likely be found in Fowler's blood.

We therefore conclude the affidavit established probable cause for the search warrant, and the trial court erred in suppressing the evidence obtained.  Accordingly, we sustain the State's second issue.

## Conclusion

Having sustained the State's two issues, we reverse the trial court's order on appeal and remand the case for further proceedings.  TEX. R. APP. P. 43.2(d).

Lawrence M. Doss
Justice

Do not publish.