

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00222-CR

---

JOSE CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-1189, Honorable William R. Eichman II, Presiding

---

December 30, 2025

## MEMORANDUM OPINION

## Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Often, answers to appellate questions are best described with: "It don't come easy . . . you know it don't come easy."[1]  Appellant's own words to the police facilitated the disposition of this one, however.

Jose Chavez appeals from his conviction, following a guilty plea, for the felony offense of driving while intoxicated.  Through his sole issue, he contends that the trial

---

[1] RINGO STARR, It Don't Come Easy (Apple Records, 1971).

court erred in denying his motion to suppress blood test results. The reason proffered . . . the absence of probable cause to support his arrest. And, why was there no probable cause, according to appellant; he "did not 'operate' a motor vehicle." We affirm.

These statements appear in the appellant's brief: 1) "the probable cause for the arrest of Appellant did not rise to the level of a Driving While Intoxicated, but instead rose to a level of public intoxication" and 2) "[w]hile playing the body camera portion of Detective McPherson, the State highlighted the portion of the body camera video where ***Appellant pointed to the manager and stated 'He's the one that made me drive forward*.'*" That appellant made the latter admission is supported by the record.

Next, a person commits the offense of driving while intoxicated if he "is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE § 49.04(a). Furthermore, one operates a vehicle when the totality of the circumstances demonstrates "that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *See Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995); *State v. Espinosa*, 666 S.W.3d 659, 668-69 (Tex. Crim. App. 2023) (same). In *Denton*, that definition was met via evidence of appellant's starting and "revving" the pickup. *Denton*, 911 S.W.2d at 390. With that we return to our opening observation.

Appellant having both admitted to moving the vehicle and acknowledging the presence of sufficient evidence indicative of his intoxication, he made our resolution of the issue easy. The totality of circumstances at bar provided a reasonable person to believe appellant "operated" the GMC pickup while intoxicated; that is, he committed the crime of driving while intoxicated. *Quinones v. State*, 325 S.W.3d 801, 803 (Tex. App.— Amarillo 2010, no pet.) (stating that an officer has probable cause to arrest when facts

2

and circumstances within the knowledge of the officer would authorize a reasonably prudent person to believe that the suspect committed or is committing a crime).

We overrule the issue and affirm the judgment.


                                        Brian Quinn
                                        Chief Justice


Do not publish.