PD-1302-15

PD-1302-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/1/2015 11:37:48 AM
Accepted 10/2/2015 10:48:35 AM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

**TARVARUS DEANDRE STUCKEY**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

Petition is in Cause No. 1103963D from the
297th Criminal District Court of Tarrant County, Texas,
and Cause No. 07-14-00082-CR in the
Court of Appeals for the Seventh District of Texas

**PETITION FOR DISCRETIONARY REVIEW**

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Tarvarus Deandre Stuckey

FILED IN
COURT OF CRIMINAL APPEALS

October 2, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Judge: | The Hon. Everett Young, Judge, 297th Criminal District Court, Tarrant Co. |
| Petitioner: | Tarvarus Deandre Stuckey |
| Petitioner's Trial Counsel: | Roberta Walker<br>TBN: 24045270<br>Attorney at Law<br>2363 Hwy. 287 N., Ste. 202<br>Mansfield, Texas 76063 |
| Petitioner's Counsel on Appeal: | Abe Factor<br>TBN: 06768500<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Lisa Callahan<br>TBN: 01160700<br>District Attorney's Office<br>401 W. Belknap Street<br>Fort Worth, Texas 76196 |
| Appellee's Counsel on Appeal: | Debra Windsor<br>TBN: 00788692<br>John Meskunas<br>TBN: 24055967<br>District Attorney's Office<br>401 W. Belknap Street<br>Fort Worth, Texas 76196 |

## TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . .2

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      The Court of Appeals erred when it failed to delete
        the entirety of the "Reparations" assessed in the
        judgment below. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        B.      *Stuckey I*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

        C.      *Stuckey II*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

        D.      *Stuckey III*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        E.      *Stuckey IV*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        F.      *Controlling Law*. . . . . . . . . . . . . . . . . . . . . . . . . .9

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . .13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

*Cases*                                                                    *page*

*Adkins v. State*,
      764 S.W.2d 782 (Tex. Crim. App. 1988). . . . . . . . . . . . . . . . . .3, 11

*Carmell v. State*,
      331 S.W.3d 450 (Tex. App. 2010). . . . . . . . . . . . . . . . . . . . . . . . .10

*Garrett v. State*,
      749 S.W.2d 784 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . .10

*Johnson v. Tenth Judicial Dist. Ct. of Appeals*,
      280 S.W.3d 866 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . .5

*Johnson v. State*,
      423 S.W.3d 385 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . . .6

*Keehn v. State*,
      233 S.W.3d 348 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . .11

*Malik v. State*,
      953 S.W.2d 234 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . .10

*Stuckey v. State*,
      07-14-00082-CR, 2014 WL 4161568 (Tex. App.–Amarillo,
        August 20, 2014, no. pet) (mem. op., not designated for
publication) (*Stuckey I*).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 7

*Stuckey v. State*,
      07-14-00082-CR, 2015 WL 774623 (Tex. App.–Amarillo,
        February 12, 2015, pet. granted) (op. on rehearing) (mem.
          op., not designated for publication) (*Stuckey II*). . . .2, 7, 8

*Stuckey v. State*,
      PD–0286–15, 2015 WL 2452797 (Tex. Crim. App.
        May 20, 2015) (per curium)
          (not designated for publication) (*Stuckey III*). . . . . . . .2, 9

*Stuckey v. State*, 07–14–00082–CR, 2015 WL 5578498 (Tex. App.–
    Fort Worth, Sept. 22, 2015, no. pet. h.) (mem. op., not
    designated for publication) (*Stuckey IV*). . . . . . . . . . . . . . .3, 9, 10

*Wiley v. State*,
    410 S.W.3d 313 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . .8

*Williams v. State*,
    145 S.W.3d 737 (Tex. App.–Fort Worth 2004, no pet.). . . . . . . .11

**Statutes**

TEX. CRIM. PROC. CODE ANN. § 103.001 (West Supp. 2014). . . . . . . . . . . 6

TEX. GOV'T CODE § 501.014(e)(4) (West 2012). . . . . . . . . . . . . . . . . . . . .5

TEX. PENAL CODE ANN.§ 29.03(a)(2) (West 2011). . . . . . . . . . . . . . . . .1, 4

**Court Rules**

TEX. R. APP. P. 41.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

TEX. R. APP. P. 47.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On July 19, 2011, Petitioner Tarvarus Deandre Stuckey ("Mr. Stuckey" or "Petitioner") pled guilty and was placed on ten years deferred adjudication community supervision for the first degree felony offense of aggravated robbery with a deadly weapon. [C.R.51]; *see* TEX. PENAL CODE ANN.§ 29.03(a)(2) (West 2011). Subsequently, the State moved to adjudicate Mr. Stuckey's guilt, and a hearing was held on the matter. At the hearing, Petitioner pled true to the remaining allegations in the State's second amended petition to proceed to adjudication after the State waived three allegations. (II R.R. 9). The trial court adjudicated Mr. Stuckey guilty and sentenced him to twenty years in prison. (C.R. 78). Mr. Stuckey timely appealed.

Mr. Stuckey's original appointed appellate counsel filed an *Anders* Brief and a Motion to Withdraw. The Seventh Court of Appeals granted the Motion to Withdraw, but issued an opinion abating and remanding the case for the appointment of new appellate counsel, so

1

that an arguable issue discovered by the Court's own review could be briefed. *See Stuckey v. State*, 2014 WL 4161568 (Tex. App.–Amarillo, August 20, 2014, no. pet) (mem. op., not designated for publication) (*Stuckey I*). Undersigned counsel was then appointed by the trial court.

In the resulting appeal, Seventh Court of Appeals in a superseding opinion[1] modified Mr. Stuckey's judgment and affirmed as modified in a superseding opinion handed down on February 12, 2015. *See Stuckey v. State*, 07-14-00082-CR, 2015 WL 774623 (Tex. App.–Amarillo, February 12, 2015, pet. granted) (op. on rehearing) (mem. op., not designated for publication) (*Stuckey II*). vacated at PD–0286–15, 2015 WL 2452797 (Tex. Crim. App. 2015) (per curium) (not designated for publication) (*Stuckey III*). This court vacated the opinion of the Seventh Court of Appeals and remanded to that court. *Stuckey v. State*, PD–0286–15, 2015 WL 2452797 (Tex. Crim. App. May 20, 2015) (per curium) (not designated for publication) (*Stuckey III*).

## STATEMENT OF PROCEDURAL HISTORY

The Seventh Court of Appeals issued it Opinion on Remand from the Court of Criminal Appeals affirming Mr. Stuckey's judgment

---

[1] Mr. Stuckey's Motion for Rehearing was granted and the court withdrew its opinion handed down on January 16, 2015.

and conviction as modified was handed down on September 22, 2015.

*See Stuckey v. State*, 07–14–00082–CR, 2015 WL 5578498 (Tex. App.–Fort Worth, Sept. 22, 2015, no. pet. h.) (mem. op., not designated for publication) (*Stuckey IV*). This Petition for Discretionary review is therefore timely.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

**I.      The Court of Appeals erred when it failed to address all of Appellant's complaints on remand.**

## REASONS FOR REVIEW

1.      The decision by the Seventh Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals; specifically *Adkins v. State*, 764 S.W.2d 782, 784 (Tex. Crim. App. 1988).

2.      The Seventh Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## ARGUMENT

## GROUND FOR REVIEW ONE (Restated)

**I.      The Court of Appeals erred when it failed to address all of Appellant's complaints on remand.**

**A.      *Facts***

On July 19, 2011, Mr. Stuckey pled guilty and was placed on ten

3

years deferred adjudication community supervision for the first degree felony offense of aggravated robbery with a deadly weapon.[2] [C.R. 52]; *see* TEX. PENAL CODE ANN. § 29.03(a)(2). In the Order of Deferred Adjudication, Mr. Stuckey was ordered *inter alia* to pay "ATTORNEY FEES TO BE DETERMINED." [C.R. 53]. A few months later on December 12, 2011, Mr. Stuckey's conditions of community supervision were amended, adding a requirement for him to "[p]ay court appointed attorney fees in the amount of $3360.00."[3] [C.R. 60].

Subsequently, the State moved in its Second Amended Petition filed on January 2, 2014 to adjudicate Mr. Stuckey's guilt, and a hearing was held on the matter. [C.R. 74; II R.R. *passim*]. At the hearing, appellant pled true to four of the allegations in the State's petition after the State waived three allegations.[4] [II R.R. 9]. The trial court

---

[2] Included in the terms of the plea admonishments on file in this case, is a boilerplate provision in which Mr. Stuckey waives his right to appeal in the original proceeding placing him on community supervision. [C.R. 48]. The Trial Court's Certification Of Defendant's Right Of Appeal also holds that the defendant has waived the right of appeal. [C.R. 55]. Pursuant to those waivers, Mr. Stuckey did not appeal the original judgment placing him on deferred adjudication.

[3] Mr. Stuckey's signature appears on the document setting forth the amendment requiring him to pay court appointed attorney fees. (C.R. 60).

[4] The State's Second Amended Petition did not allege any non-payment of fees, fines or costs by Mr. Stuckey as grounds for adjudication. (C.R. 74).

adjudicated Mr. Stuckey guilty and sentenced him to twenty years in prison. [C.R.78]. In the Judgment Adjudicating Guilt, the trial court assessed reparations in the amount of $6216.00. [C.R.79]. The trial court also entered an order authorizing the withdrawal of funds from the Mr. Stuckey's inmate trust fund account, on a fixed monthly basis, until both his reparations and his court costs are paid off.[5] [C.R. 81]. On file with the papers in this case is a document styled a "Bill of Costs," which purports that Mr. Stuckey owes $6216.00 in reparations, parenthetically characterized as "Probation Fees." [C.R. 82]. That same document allows that Mr. Stuckey owes "$0.00" in "Attorney's Fees. [C.R. 82]. During the course of the instant case, Mr. Stuckey was found to be indigent and entitled to appointed representation on four separate occasions by the trial court.[6] [C.R. 22, 69, 92; Supp. C.R. 9].

In the Judgment Adjudicating Guilt, the trial court set forth monetary payments denoted as Court Costs and "Reparations." The

---

[5] *See* TEX. GOV'T CODE § 501.014(e)(4) (West 2012) ("The department shall make withdrawals and payments from an inmate's account under this subsection according to the following schedule of priorities. . .(4) as payment in full for all orders for court fees and costs[.]"); *Johnson v. Tenth Judicial Dist. Ct. of Appeals*, 280 S.W.3d 866 (Tex. Crim. App. 2008).

[6] While still on bond on the original charge in July of 2009, the trial court ordered Mr. Stuckey to make monthly payments into the registry of the court in the of $100 to offset the cost of his appointed attorney. [C.R. 23].

Court Costs in the amount of $305.00 are properly calculated, and firm basis for those fees is found in the record. *See* TEX. CRIM. PROC. CODE ANN. § 103.001 (West Supp. 2014); *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Mr. Stuckey did not below, and does not here, contest the court costs assessed in the amount of $305.00.

However, according to unsigned documents of unsure reliability included in the record, the remaining allegations of monies owed and characterized as "Reparations" are further broken down as follows:

| | | |
|---|---|---|
| Fines Remaining: | $976.00 | (C.R. 85); |
| Attorney Fees Remaining: | $3360.00 | (C.R. 85); |
| Due to CSCD: | $80.00 | (C.R. 84); |
| Probation Fees: | $1800.00 | (C.R. 84). |

The amounts set forth in the categories of "Due to CSCD" and "Probation Fees" do not have any other specific reference or basis in the record.[7]

**B.    *Stuckey I***

Original appointed appellate counsel filed a Motion to Withdraw

---

[7] However, the record does show that Mr. Stuckey was ordered to pay a $60.00 community supervision fee on a monthly basis, beginning in August of 2011. [C.R. 56].

concurrent with an *Anders* Brief. The Seventh Court of Appeals granted the motion, but remanded to the trial court to appoint new appellate counsel to brief any appealable issues, including specifically the issue of "reparations" assessed by the trial court; an issue the court of appeal found arguable based on its own review of the record. *See Stuckey I*, 2014 WL 4161568 at *1.

## C.     *Stuckey II*

In its Opinion on Rehearing, the Seventh Court of Appeals accurately noted the byzantine state of the record regarding what fees, costs and assessments were still owed by Mr. Stuckey at the time of revocation. *See Stuckey II*, 2015 WL 774623 at *3 ("Needless to say, the record is far from uncontradicted on what is and is not outstanding."). The court   adopted the state's concession that the order for payment of $976 in fines and $80 in CSCD fees was not supported by the record and deleted them from the judgment. *See id*. at *3. Additionally, Mr. Stuckey conceded that the Court Costs in the amount of $305.00 were properly calculated, and the court agreed with that assessment and held same. *Id*. at *4.

However, the court held that notwithstanding Mr. Stuckey's

repeated and consistent status of indigency as found by the trial court at every stage of the proceeding, because he did not object when the trial court amended his conditions of community supervision some seven months into his term requiring his repayment of attorney fees, he could not now object to the attorney fees now re-characterized as "reparations." *Id.* at 4 (citing *Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013). The court of appeals summarily held the same for the unpaid probation fees now re-characterized as "Reparations." *Id.* Thus, the net result from the opinion of the court of appeals was that Mr. Stuckey owed $305 in court costs, $1800 in probation fees; and $3260 in attorney fees. *Id.*

### D. *Stuckey III*

On Petition for Discretionary Review, this Court held that

> Appellant has filed a petition for discretionary review in which he argues, inter alia, that the Court of Appeals erred to reject his argument regarding his community supervision fees on the grounds that he failed to object at the time that he was placed on community supervision. We agree. Appellant's claim regarding his community supervision fees is not that the imposition of the $60/month fee was invalid. His claim is that the fees could not be assessed in the judgment as reparations, and that the $ 1,800 amount assessed in the judgment is inaccurate. These claims could not have been raised at the time that Appellant was placed on community supervision.
> Accordingly, we grant Appellant's petition for discretionary

review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals to decide whether Appellant forfeited this claim by not objecting at the time that the judgment was entered, and if not, whether his claim has merit.

*Stuckey III*, 2015 WL 2452797 at *1.

### E.    *Stuckey IV*

On remand, the Seventh Court of Appeals accurately stated that it had invited supplemental briefing, *see Stuckey IV*, 2015 WL 5578498 at *1, but pertinent to this Petition for Discretionary Review addressed only a portion of Mr. Stuckey's complaint and went on to hold that

> [o]ne other matter necessitates attention. It concerns appellant's effort to contest the assessment of attorney's fees as reparations. Upon review of the opinion from the Court of Criminal Appeals remanding the dispute to us, we find nothing therein alluding to that issue. This is of import since the only new issues that an appellant may present on remand are those addressed in the decision of the Court of Criminal Appeals or necessary to its application on remand. Whether attorney's fees are reparation and subject to assessment here had nothing to do with the issue addressed by the Court of Criminal Appeals in its Stuckey decision, that issue being appellant's complaint about the probation fees. So the matter of attorney's fees being assessed as reparations is not before us.

*Id.* at *2 (citations omitted).

### F.    *Controlling Law*

This Court has held that when it reverses and remands a case to the court of appeals, the court of appeals is not limited on remand to

9

considering only the issue the court of criminal appeals reviewed and reversed; the court of appeals on remand may even review unassigned error that was preserved in the trial court. *See Garrett v. State*, 749 S.W.2d 784, 786-87 (Tex. Crim. App. 1986), *overruled in part on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997); *Carmell v. State*, 331 S.W.3d 450, 458 (Tex. App. 2010).

Moreover, although the court of appeals expressed a belief below that it was somehow limited to reviewing only the "reparations" which had formerly been unpaid probation fees on remand, *see Stuckey IV*, 2015 WL 5578498 at *1, the Second Court of Appeals[8] in an earlier case knew differently:

> As the court of criminal appeals recognized in *Carroll v. State*, "The Rules of Appellate Procedure ... do not specifically address the scope of an intermediate appellate court's review following a remand from [the Texas Court of Criminal Appeals]." In *Carroll*, however, the court held that "the courts of appeals are not limited on remand to deciding the pertinent point of error based solely on the explicit basis set out by this Court in a remand order." Accordingly, while the court of criminal appeals's holding on Appellant's petition for discretionary review pertains only to Appellant's voice exemplar and does not

---

[8] As this case was transferred by the Texas Supreme Court to the Seventh Court of Appeals from the Second Court of Appeals, "the transferee court (i.e., the Amarillo Court of Appeals) must abide by the precedent of the transferor court, (i.e., the Fort Worth Court of Appeals)." *Stuckey IV*, 2015 WL 5578498 at *1 (citing Tex. R. App. P. 41.3).

10

specifically address his complaint as to the denial of his request to show the jury the condition of his mouth, we will reexamine our holding on the latter issue before turning to the question of whether Appellant was harmed by the trial court's rulings.

*Williams v. State*, 145 S.W.3d 737, 740 (Tex. App.–Fort Worth 2004, no pet.) (citations omitted) (alterations in original).

Moreover, as recognized by this Court, it would be a violation of Texas law for this Court to limit the scope of review for a court of appeals on remand:

> [F]or this Court to issue an "order of remand" to restrict the court of appeals in renewed exercise of its own jurisdiction, power and authority would seem to be an impossible and unwarranted abridgement of constitutional grant of same to courts of appeals by Article V, § 6, Constitution of Texas, as implemented by Articles 4.03, 44.24 and 44.25, V.A.C.C.P.

*Adkins v. State*, 764 S.W.2d 782, 784 (Tex. Crim. App. 1988).

"The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1; *see also Keehn v. State*, 233 S.W.3d 348 (Tex. Crim. App. 2007). Because the Seventh Court of Appeals failed to properly address every issue raised, this Court should exercise its power of supervision and correct that failure.

11

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court vacate the opinion of the Seventh Court of Appeals and remand for full consideration of Petitioner's complaints on appeal.

Respectfully submitted,
/s/ Abe Factor
Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Tarvarus Deandre Stuckey

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 2,101.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this  1st  day of  October , 2015.

/s/ Abe Factor
Abe Factor

## **APPENDIX**

1.    Opinion on Remand from the Court of Criminal of the Seventh Court of Appeals, September 22, 2015

No. 07-14-00082-CR

| | | |
|---|---|---|
| Tarvarus Deandre Stuckey<br>  Appellant | § | From the 297th District Court<br>  of Tarrant County |
| | § | |
| v. | | September 22, 2015 |
| | § | |
| The State of Texas<br>  Appellee | § | Opinion by Chief Justice Quinn |
| | § | |

## J U D G M E N T

This cause came on to be heard on remand from the Court of Criminal Appeals, and pursuant to the opinion of the Court dated September 22, 2015, it is ordered, adjudged and decreed that the judgment of the trial court is modified as set forth in the opinion and affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have already been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o



In The
## Court of Appeals
### Seventh District of Texas at Amarillo

___

No. 07-14-00082-CR

___

TARVARUS DEANDRE STUCKEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1103963D, Honorable Everett Young, Presiding

___

September 22, 2015

## ON REMAND FROM THE
## COURT OF CRIMINAL APPEALS

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

What started out as an *Ander's* brief which this court rejected has resulted in the Court of Criminal Appeals directing us to journey into the realm of statutory "reparations" and whether probation fees can be consider same. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(b) (West Supp. 2014) (stating that "[i]n all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution or reparation due and owing on the date of the revocation"). We previously held that the issue was waived. In appealing our decision to the Court of Criminal Appeals, appellant purportedly

contended that we "erred to reject [sic] his argument regarding his community supervision fees on the grounds that he failed to object . . . ." *Stuckey v. State,* No. PD-0286-15, 2015 Tex. Crim. App. Unpub. LEXIS 383, at *2 (Tex. Crim. App. May 20, 2015) (mem. op., not designated for publication). The court agreed, saying that "[a]ppellant's claim . . . is not that the imposition of the $60/month [probation] fee was invalid." *Id.* "His claim is that [such] fees could not be assessed in the judgment as reparations, and that the $1,800 amount assessed in the judgment is inaccurate. These claims could not have been raised at the time that Appellant was placed on community supervision." *Id.* So, it remanded the cause to this court "to decide whether Appellant forfeited this claim by not objecting at the time that the *judgment* was entered, and if not, whether his claim has merit." *Id.* (emphasis added).

Both appellant and the State were invited to proffer supplemental briefs, and both accepted the invitation. In his brief, appellant argued that both the issue of reparations and their amount were preserved. The State responded by conceding the former but not the latter. Because of the State's concession, we need not address whether appellant preserved his complaint about whether unpaid probation fees can be considered reparations. So, we address it now. And, in addressing it, we conclude that such fees can be deemed such. Our decision is founded upon precedent issued by the Fort Worth Court of Appeals. For instance, in *Steen v. State*, No. 02-13-00559-CR, 2014 Tex. App. LEXIS 9692 (Tex. App.—Fort Worth August 28, 2014, pet. ref'd) (mem. op., not designated for publication), that court upheld the payment, as reparations, of $2,507 in outstanding community supervision fees. *Id.* at *3-4. Indeed, it concluded that such fees were mandated by statute and "must be included in the judgment upon

2

revocation of community supervision." *Id.* This precedent binds us due to the nature of the appeal. It was transferred from the Second Court of Appeals to the Seventh Court via order by the Texas Supreme Court. Under such circumstances, the transferee court (*i.e.,* the Amarillo Court of Appeals) must abide by the precedent of the transferor court, (*i.e.,* the Fort Worth Court of Appeals). Tex. R. App. P. 41.3.

As for the dispute regarding the amount of probation fees assessed, we interpret appellant's claim as one involving the sufficiency of the evidence supporting the sum levied. In fact, that is how he characterized it when arguing that the matter was preserved for review. Furthermore, the Court of Criminal Appeals has held that claims regarding the sufficiency of the evidence underlying a particular finding may be raised, for the first time, on appeal. *Mayer v. State,* 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (holding ". . . that no trial objection is required to preserve an appellate claim of insufficient evidence, thus the court of appeals did not err in addressing appellant's complaint about the order to reimburse court-appointed attorney fees"); *see also Johnson v. State,* 423 S.W.3d 385, 391 (Tex. Crim. App. 2014) (holding that "[a]ppellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal"). So, appellant did not waive this particular complaint either.

As for the accuracy of the $1,800 amount found to be due, we turn to the appellate record and find in it a "Bill of Costs" issued by the Tarrant County District Clerk. The latter certified that the costs and fees encompassed within the bill were "a correct account of the Court Costs, Fees and/or Fines adjudged against" appellant. And, under the category entitled "the total cost assessed" we find "Reparation (Probation Fees) $6,216.00." So too do we find another document apparently created

3

by the Community Supervision and Corrections Department of Tarrant County. Among the various items mentioned therein is one labelled "Revocation Restitution/Reparation Balance Sheet," and it indicates that probation fees of $1,800 were in "arrears." To that we add some rather basic calculation. It consists of multiplying by $60 the number of months between the order placing appellant on probation and the order revoking his probation. That number is approximately 30 (that is, from July of 2011 to January of 2014 if January is counted as a month), and 30 multiplied by 60 just happens to be 1800.[1]

Other courts have turned to the certified bill of costs to see if some evidence existed to support the amount of costs or fees assessed against a defendant upon conviction. *See e.g., Steen v. State*, 2014 Tex. App. LEXIS 9692, at *3-4 (stating that the "certified bill of costs, included in the record. . .was enough to support the inclusion in the judgment of $2,507 in statutorily-authorized, community supervision fees"); *see also, Johnson v. State*, 423 S.W.3d at 395-96 (stating that a bill of cost "is the most expedient, and therefore preferable method" of "sustain[ing] statutorily authorized and assessed court costs"). So too has a "Revocation Restitution/Reparation Balance Sheet" been considered in similar situations. *See e.g., Collazo v. State,* No. 09-13-

---

[1] Appellant suggests that the calculation should exclude the time he spent jailed after being granted community supervision and before having his guilt adjudicated. To accept his proposition, though, would require us to conclude that an order deferring adjudication and imposing conditions of probation loses its affect anytime the defendant is jailed while on probation. Yet, appellant cites us to no authority so holding. Additionally, nothing in the order before us indicates that the court intended to suspend the effect of its edict if appellant happened to be arrested. And, given that an order is generally effective until countermanded in some way, logic would suggest that the terms of his probation continued to apply even though appellant was incarcerated for a period of time during probation. Indeed, incarceration does not *ipso facto* terminate probation since the decision to revoke it actually lies within the trial court's discretion. *Leonard v. State,* 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (stating that in a revocation proceeding, the trial court has the discretion to revoke community supervision if a preponderance of the evidence supports one of the State's allegations). The latter could retain appellant on probation even if he violated a condition of his community supervision. So, we opt to include the entire 30 months in the calculation.

4

00458-CR, 2014 Tex. App. LEXIS 6798, at *6-7 (Tex. App.—Beaumont June 25, 2015, no pet.) (mem. op., not designated for publication) (noting that the statements in "'The Revocation Restitution/Reparation Balance Sheet'" reflected the amount of "administrative fees" assessed in the judgment). Given this and our own calculations for the record, we conclude that some evidence of record supported the imposition of at least $1,800 in probation fees upon appellant. Consequently, we overrule appellant's complaint regarding the amount assessed.

One other matter necessitates attention. It concerns appellant's effort to contest the assessment of attorney's fees as reparations. Upon review of the opinion from the Court of Criminal Appeals remanding the dispute to us, we find nothing therein alluding to that issue. This is of import since the only new issues that an appellant may present on remand are those addressed in the decision of the Court of Criminal Appeals or necessary to its application on remand. *Mercer v. State*, No. 13-13-00150-CR, 2015 Tex. App. LEXIS 6745, at *8 (Tex. App.—Corpus Christi July 2, 2015, no pet.) (mem. op., not designated for publication); *Ex parte Chamberlain*, 352 S.W.3d 121, 123 n.3 (Tex. App.—Fort Worth 2011, pet. ref'd). Whether attorney's fees are reparation and subject to assessment here had nothing to do with the issue addressed by the Court of Criminal Appeals in its *Stuckey* decision, that issue being appellant's complaint about the probation fees. So the matter of attorney's fees being assessed as reparations is not before us.

Having rejected appellant's complaints, we reaffirm our prior decision rendered in *Stuckey v. State,* No. 07-14-00082-CR, 2015 Tex. App. LEXIS 1483 (Tex. App.—

5

Amarillo February 12, 2015).  Thus, we modify the judgment of the trial court to reflect that the reparations due from appellant are $5,365 and affirm the judgment as modified.

Brian Quinn
Chief Justice

Do not publish.